## THEBO v. STATE.

Opinion delivered December 24, 1923.

COSTS—NECESSITY FOR BOND IN MISDEMEANORS.—Where a sheriff
served a warrant for the arrest of persons committing a mis-
demeanor in his presence, he was not required to file a bond for
costs in a magistrate's court, as required by Crawford & Moses'
Dig., § 3279.

Appeal from Desha Circuit Court; *T. G. Parham,*
Judge; affirmed.

*H. H. Hays,* for appellants.

*J. S. Utley,* Attorney General, *John L. Carter, Wm.
T. Hammock* and *Darden Moose,* Assistants, for appellee.

SMITH, J. Certain residents of Arkansas City peti-
tioned the mayor of that city to enforce the Sunday base-
ball law "today and hereafter," whereupon the mayor is-
sued a warrant of arrest against eighteen baseball play-
ers, who were not named therein, and placed it in the
hands of the sheriff of the county for service. The sheriff
went to the park where the game was to be played, saw
the managers of the respctive teams, and advised them
that he had a warrant for their arrest if they played, and
notified them that, if the game was played, to report at
6 p. m. on the following day at the office of the mayor. The
game was played, and, at the appointed hour, an attorney
representing the players appeared before the mayor,
and moved to dismiss the prosecution because no bond
for costs had been filed. This motion was overruled,
and, after hearing certain testimony, a fine was imposed,
and from that judgment an appeal was prosecuted to the
circuit court.

In the circuit court the motion to dismiss was
renewed, whereupon the State called the sheriff as a
witness, and the facts above stated were developed, as
well as the following additonal facts: After serving
the warrant in the manner stated, the sheriff found a
comfortable seat and witnessed the game, and that fact
was developed in the trial before the justice of the
peace. On his cross-examination the sheriff testified,

however, that the arrest made by him was made under the warrant, and not because an offense had been committed in his presence, and that, after the game, he said nothing to any player, nor did he report to the mayor that he had seen the game, and that he went to the mayor's office to make return of the warrant, and while there he was called as a witness, and testified that he saw the game, but he also testified that he did not originate the prosecution. The motion to dismiss for want of bond for costs was overruled by the circuit court, and a fine imposed.

Reversal of the judgment of the court below is asked upon the ground that a bond for costs should have been given, as required by § 3279, C. & M. Digest.

It is the opinion of the majority that the motion to dismiss was properly overruled. It is an undisputed fact that the sheriff saw the game of ball played, and the offense was therefore committed in his presence, and by § 2904, C. & M. Digest, it was his duty to make the arrest, even though he had no warrant at all. The warrant issued and the arrest made sufficed to bring the parties into court, and this the sheriff should have done, even though he had no warrant, and, when the officer is under this duty, no bond for costs is required in the prosecution. In such cases the officer is not a prosecutor within the meaning of § 3279, *supra.* This section of the Digest provides that the prosecutor, or some person for him, in cases less than a felony, in the justice and other inferior courts, shall give security for the payment of all costs which may accrue in such prosecution. The purpose of this section of the statute is to prevent reckless prosecutions, and to require the person who seeks to set the machinery of the criminal law in motion to give security for costs if the prosecution thus begun is not sustained. But this section does not apply to arrests made by peace officers for offenses committed in their presence, it being their duty, under the statute, to make arrests at the time.

It is the opinion of the majority that the arrest in this case is to be treated like any other arrest made

under defective process. There was an arrest which brought the parties into court, and an arrest should have been made by the sheriff, whose right to do so was not dependent upon the existence of a bond for costs, and, the parties having been brought before the court, it was unimportant that the process under which this was done was defective. The purpose of an arrest, whether by warrant or otherwise, is effected when the accused is brought into court, and it is therefore unimportant that the process whereby this was done was defective, and the fact that the sheriff did not intend to make the arrest because the offense was committed in his presence is also unimportant, because it was in fact committed in his presence, and the violators of the law were in fact brought into court. *Mayfield* v. *State,* 160 Ark. 474, and the cases there cited. In any case where the arrest was made by an officer who saw the offense committed, no bond for costs can be exacted as a condition precedent to a hearing of the cause, and the motion to dismiss was therefore properly overruled.

It is the opinion of Justice HART and the writer that the bond for costs should have been required.

Judgment affirmed.