COGER *v.* CITY OF FAYETTEVILLE

393 S. W. 2d 622

Opinion Delivered September 13, 1965.

*Rex W. Perkins* and *James E. Evans,* for appellant.

*Hugh R. Kincaid,* for appellee.

JIM JOHNSON, Associate Justice. This appeal is from a conviction for disturbing the peace and assault and battery.

Appellant Richard Coger was arrested on December 4, 1964, on a warrant issued by the Fayetteville municipal clerk on an affidavit for warrant of arrest made by a private individual. After making bond, appellant appeared in municipal court on January 7, 1965. He moved that the prosecuting witness be required to post a cost bond [under Ark. Stat. Ann. § 44-301 (Repl. 1964)], whereupon the city attorney of appellee City of Fayette-

ville, after asking leave of court, filed an information against appellant on the same charges. The municipal court then proceeded to trial and appellant, after pleading not guilty, was convicted of the misdemeanors. On appeal to Washington Circuit Court, on March 9, 1965 appellant again moved to require a bond of the prosecuting witness, to quash the information and warrant and to quash the jury panel. These motions were denied. The circuit court jury found appellant guilty of disturbing the peace and assault and battery, from judgment on which comes this appeal.

Appellant urges for reversal that the court erred in failing to grant his motion to quash the warrant and information.

Arkansas Stat. Ann. § 44-301 (Repl. 1964) provides: "In all prosecutions and cases less than felonies in courts of Justices of the Peace and in other inferior Courts, the prosecutor, or some person for him, shall enter into bond, with good and sufficient surety, for the payment of all costs which may accrue in said prosecution." This court in *Payne* v. *State,* 124 Ark. 20, 186 S. W. 612, held the terms of this statute to be mandatory. However in *Thebo* v. *State,* 161 Ark. 619, 256 S. W. 381, the word "prosecutor" was in effect held to mean the prosecuting or complaining witness and was not applicable to a sheriff. Clearly the statute has no application to law enforcement officials in the performance of their duties; in fact, § 44-305 goes even further and provides that the Justice may permit a private individual who has been maltreated to prosecute without giving the bond. Obviously the evil the statute seeks to reach is capricious prosecution by persons unlearned or unskilled in the law or its enforcement. Thus the municipal court's error in failing to require a cost bond (in the absence of a finding of maltreatment suffered by the affiant so as to constitute the exception provided for in § 44-305) was cured by the filing of the information by the city attorney prior to trial.

It is undisputed that appellant was actually before the court on the earlier warrant when the information was filed immediately prior to the municipal court trial at

which time appellant was informed of the state charges against him. The issuance of an additional warrant at that time to compel appellant's presence to answer the charges against him when he was at the moment present for the purpose of answering the identical charges contained in the information would have been a redundant gesture.

We have held repeatedly that a defective warrant, and even the absence of a warrant, is no basis for overturning a conviction. *Perkins* v. *City of Little Rock*, 232 Ark. 739, 339 S. W. 2d 859. See also *Thebo* v. *State*, *supra; Blakely* v. *State*, 194 Ark. 276, 108 S. W. 2d 477; and *Mayfield* v. *State*, 160 Ark. 474, 254 S. W. 841.

Appellant's principal point urged for reversal is that the circuit court erred in failing to strike the jury panel on appellant's motion.

When trial in circuit court commenced on March 9, 1965, appellant determined on *voir dire* that none of the jury panel had registered under the voter registration procedures prescribed by Amendment 51. Appellant moved to quash the entire panel for the reason that they were not at that time qualified electors under the laws of the State of Arkansas and in particular Amendment 51 to the Constitution, which motion was overruled by the court.

Arkansas law provides that jurors be electors and formerly possession of a current poll tax receipt was requisite to be a qualified elector. In 1964 the voters of Arkansas adopted Constitutional Amendment 51, "Arkansas Amendment for Voter Registration Without Poll Tax Payment." Amendment 51 became effective January 1, 1965, with the proviso that persons who were qualified electors as of December 31, 1964, should be permitted to vote in any elections held before March 1, 1965. Amendment 51 was adopted November 3, 1964, and the drafters obviously contemplated that voter registration machinery would be in operation by March 1, 1965. Such was not the case. Litigation over several aspects of the amendment had to be terminated before registration

could begin or the registration forms even be printed. See *Faubus* v. *Fields,* 239 Ark. 241, 388 S. W. 2d 558. When it became apparent that this pending litigation would prevent registration of voters for some months, the legislature, then in session, passed various acts such as Act 187 and Act 126 to bridge this gap. Act 187 on special elections is not pertinent or under consideration here; Act 126 is. This act, entitled, ''An Act to provide interim qualifications for Arkansas citizens to be qualified jurors between the dates of March 1, 1965, and October 1, 1965, . . ,'' provides simply that all persons who are otherwise qualified under applicable statutes to be grand or petit jurors and who have paid a poll tax between October 1, 1963 and October 1, 1965, are declared to be eligible grand or petit jurors.

Appellant contends that the legislature is without power to change the qualifications for electors set forth in Amendment 51, and thus this jury panel ceased to be qualified as such after March 1, 1965, although they had been qualified at the beginning of the court term prior to March 1st; in essence, that such legislation is clearly unconstitutional.

Amendment 51 does not spell out qualifications for jurors, nor have we been directed to *any* part of the Arkansas Constitution that does. Qualifications of jurors are regulated by statute. Examination of the relevant statutes and Act 126 convinces us that Act 126 of 1965 is valid legislation and an effective means of ensuring the continuity of justice and our precious jury system during this interim period.

Affirmed.