ALMA JEAN DOTY, JUSTICE OF THE PEACE v.
CHARLES GOODWIN

5-4840                                    437 S.W. 2d 233

Opinion Delivered February 17, 1969

150

*Joe Purcell,* Atty. Gen. and *Don Langston,* Asst. Atty. Gen. for appellant.

*Camp & Lingle* for appellee.

George Rose Smith, Justice. On June 7, 1968, a state police officer issued a traffic ticket to the appellee Goodwin, charging him with reckless driving and directing him to appear in a justice of the peace court for trial. In the justice court Goodwin moved for a dismissal of the charge, on the ground that in misdemeanor cases a justice of the peace receives his fees and costs only when the accused is convicted. Such a provision of law is a denial of due process. *Tumey* v. *Ohio,* 273 U. S. 510 (1927). The justice denied the motion to dismiss, but on certiorari the circuit court sustained Goodwin's contention and prohibited the justice from proceeding further. The State, at the prosecuting Attorney's request, has taken an appeal to set the question at rest. Ark. Stat. Ann. § 43-2720 (Repl. 1964).

The circuit court was right. Under the *Tumey* case the presiding judge in a criminal case must not have a pecuniary interest in convicting the accused. There the court set aside a conviction in a mayor's court, because the mayor was entitled to recover costs only if the trial resulted in a conviction. The opinion pointed out that the practice existed in several states, including Arkansas.

We still have on the statute books a remnant of the condemned procedure. A justice of the peace receives certain fees and costs in criminal cases. Ark. Stat.

Ann. § 12-1731 (Repl. 1956). The fees must be paid by the defendant if he is convicted. Ark. Stat. Ann. § 43-2405. The statute is silent as to the defendant's liability when he is acquitted, which is construed to mean that he is not liable in that eventuality. *Land* v. *Jolley,* 175 Ga. 788, 166 S.E. 217 (1932); *Childers* v. *Commonwealth,* 171 Va. 456, 198 S.E. 487 (1938); *State* v. *Faulkner,* 75 Wyo. 104, 292 P. 2d 1045 (1956). In misdemeanor cases—and reckless driving is a misdemeanor; Ark. Stat. Ann. § 75-1003 and 1004 (Repl. 1957)—the county is not liable for the justice's fees. Section 43-2405. Thus the situation falls within the ban of the *Tumey* case.

The State argues that the justice of the peace can recover fees and costs in any event, because the statutes require the prosecutor in misdemeanor cases to give bond for the payment of all costs. Section 44-301. We have held, however, that the bond requirement does not apply when the prosecutor is a law enforcement officer acting in the performance of his duties. *Coger* v. *City of Fayetteville,* 239 Ark. 688, 393 S.W. 2d 622 (1965); *Thebo* v. *State,* 161 Ark. 619, 256 S.W. 381 (1923). We adhere to that view, because obviously a police officer ought not to be required to give a bond for costs as a result of having issued a traffic ticket. Hence the cost-bond statute does not render inapplicable the principle of the *Tumey* case.

Of course the fact that a justice of the peace would have a pecuniary interest in a judgment of conviction, under § 43-2405, does not prevent him from exercising the jurisdiction in misdemeanor cases given to him by § 43-1405 if he elects to serve without compensation either upon a conviction or upon an acquittal. It is appropriate for us to point out that additional legislation on the subject seems to be needed.

Affirmed.