The Honorable Jerry Bookout State Senator P.O. Box 415 Jonesboro, AR 72401
Dear Senator Bookout:
This is in response to your request for an opinion regarding the following question:
 Can a municipal court require an individual seeking a summons or warrant of arrest, pursuant to A.C.A. §§ 16-96-105 and -106, to post a cash bond, refundable when they appear in court, prior to the issuance of the summons or warrant?[1]
Arkansas Code Annotated § 16-96-105 (1987) states in pertinent part that:
 (a) Upon information given by a peace officer, or by a private person on oath, to the judge or clerk of a court that an offense within the jurisdiction of the court has been committed, the judge or clerk shall issue a summons against the offender.
Arkansas Code Annotated § 16-96-106 (1987) states that:
 Upon information on oath made to the judge of the court, he may order a warrant of arrest to be issued, which shall be similar to the summons except in the command to arrest the defendant instead of summon him.
The code provision addressing the issue of the requirement of the posting of a bond to prosecute an action is set out at A.C.A. § 16-96-302 (1987), and states that:
 (a) In all prosecutions in cases less than felony in courts of justice of the peace and in other inferior courts, the prosecutor, or some person for him, shall enter into bond with good and sufficient security for the payment of all costs which may accrue in the prosecution.
 (b)(1) It shall be lawful, however, for the justice or other officer, when he has strong reason to believe that the person applying for a warrant has been, in plain violation of the criminal laws of this state, maltreated, either in person or property, to permit the person to prosecute without giving the bond required in subsection (a) of this section.
 (2) The person so applying for a warrant, besides making the affidavit by law, shall also make affidavit that he is unable to give security for the costs which may accrue in the prosecution.
This section requires prosecuting witnesses to post bond for payment of costs accrued in the prosecution. In Thebo v. State,161 Ark. 619, 256 S.W. 381 (1923), the word "prosecutor" was in effect held to mean the prosecuting or complaining witness, and thus the statute was not applicable to a sheriff. In Coger v.City of Fayetteville, 239 Ark. 688, 393 S.W.2d 622 (1965), the Court stated that "[c]learly the statute has no application to law enforcement officials in the performance of their duties."239 Ark. at 689. See also Doty v. Goodwin, 246 Ark. 149,437 S.W.2d 233 (1969), wherein the Court stated that, "[w]e adhere to that view, because obviously a police officer ought not to be required to give a bond for costs as a result of having issued a traffic ticket." 246 Ark. at 151. In subsection (b)(1), the statute goes even further and provides that a justice may permit a private individual who has been maltreated to prosecute without giving the bond. "Obviously the evil the statute seeks to reach is capricious prosecution by persons unlearned or unskilled in the law or its enforcement." Coger v. City of Fayetteville,supra, 239 Ark. at 689. In Coger, the Court went on to hold that even in the absence of a finding of maltreatment suffered by the affiant so as to constitute the exception provided for in subsection (b)(1), the municipal court's failure to require a cost bond of the complaining witness was cured by the filing of an information by the city attorney against the offender on the same charges prior to initiation of the trial.
Accordingly, it would appear that, while § 16-96-302 authorizes justice of the peace and other inferior courts to require the posting of cost bonds, the requirement has essentially been amended both by legislative exception and interpretive case law. It is thus my opinion that, while the court may, in some instances, still require a complaining witness to post a cost bond, such bonds shall not be required in the following instances: 1) upon a finding of maltreatment suffered by an affiant; 2) when the complaining witness is a law enforcement officer who is performing his official duties; or 3) when the city attorney files an information prior to trial officially charging the offender with violation of the same law as alleged by the complainant.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sherry L. Daves.
Sincerely,
WINSTON BRYANT Attorney General
SD:cyh
[1] While your question inquires about "cash bonds," I will assume you are referring to bonds posted for the payment of costs accrued in prosecutions set out at A.C.A. § 16-96-302 (1987).