(No. 15981.—Reversed and remanded.)
ROAD DISTRICT No. 4, *et al.* Defendants in Error, *vs.*
MARTHA FRAILEY, Plaintiff in Error.

*Opinion filed October 28, 1924.*

1. HIGHWAYS—*when surveyor's report sufficiently corresponds with a petition for a new road.* A surveyor appointed to make a survey and plat of a new road under section 78 of the Roads and Bridges act is authorized to make such changes between the termini as in his judgment the convenience and interest of the public may require, and where the changes or inaccuracies in the survey do not change the termini or cause misunderstanding as to what lands are affected by the laying out of the new road, there is no such variance with the petition or non-compliance with the statute as to deprive the justice of the peace and the circuit court of jurisdiction of the subject matter.

2. SAME—*survey of a new road must be sufficiently accurate to show what lands are taken.* The survey and plat of a new road under section 78 of the Roads and Bridges act, together with the petition, are prerequisites to the fixing of damages sustained by adjoining land owners, and they must be sufficiently accurate and definite to indicate the lands taken and lands affected by the taking.

3. SAME—*commissioner's certificate under section 82 of Roads and Bridges act need not aver disagreement as to damages.* The certificate required to be filed by the highway commissioner under section 82 of the Roads and Bridges act need not state that the owner and the commissioner were unable to agree upon the amount of damages for the laying out of a new road, but it is sufficient if the fact that the parties could not agree is brought to the attention of the court in any manner which will satisfy it of the fact.

4. SAME—*section 98 of Roads and Bridges act, for laying out a road for private and public use, is valid.* Section 98 of the Roads and Bridges act, authorizing the laying out of a road for private and public use, does not authorize the taking of private property for a private use against the owner's consent, as the term "roads for private and public use" is merely a classification to distinguish such roads from public roads laid out and maintained at the expense of the public at large; and roads laid out for private and public use are public roads although laid out at the expense of such persons as are more especially and directly interested in them.

5. SAME—*road may be public although it specially benefits individuals.* The fact that a road is designated as private does not

change its character or preclude the exercise of the power of eminent domain provided it is, in fact, open to the public, even though certain private parties especially interested are more benefited by it than the public generally and have paid for the right of way.

6. SAME—*what determines whether a road is public.* Whether a way be designated a public road or a road for private and public use, it is a public highway, regardless of the number of people who use it, if everyone who desires may lawfully use it, as it is the right of public travel, and not the exercise of the right, which constitutes a road a public highway.

7. SAME—*value of property taken for new road must be fixed as of date of filing petition.* The value of property to be taken in the laying out of a new road is to be fixed as of the date of the filing of the petition for the road.

8. SAME—*damages for laying out road for private and public use should be apportioned.* In condemnation of land for a road for public and private use, evidence should be heard with respect to the proper apportionment of the damages between private parties benefited and the public, and the jury, by its verdict fixing the amount of damages, should also make the apportionment.

9. SAME—*court may assume that public is benefited by new road.* In a proceeding for the laying out of a new road it is not error for the court to assume, in submitting a form of verdict after a hearing on the question of damages, that the public will be benefited by the laying out of the new road, as the public is necessarily benefited by the establishment of a new public highway.

WRIT OF ERROR to the Circuit Court of Hardin county; the Hon. JULIUS C. KERN, Judge, presiding.

ALPHEUS GUSTIN, for plaintiff in error.

CLARENCE E. SOWARD, and JAMES A. WATSON, for defendants in error.

· Mr. JUSTICE THOMPSON delivered the opinion of the court:

Viola Belle Oxford, one of the defendants in error, filed with the commissioner of highways of Road District No. 4, in Hardin county, a petition asking that a road for private and public use be laid out over the lands of Martha

Frailey, plaintiff in error, for the purpose of connecting lands of said defendant in error with a public highway. The necessary steps to lay out the road and assess damages were taken. At the trial, on appeal to the circuit court of Hardin county, there was a judgment in favor of plaintiff in error for $140,—$50 for lands taken and $90 damages to lands affected by the taking. These damages were apportioned by the jury, $115 to Oxford and $25 to Road District No. 4. Motions for a new trial and in arrest of judgment were filed and overruled and judgment was entered on the verdict. This writ of error is prosecuted to review that judgment.

Plaintiff in error does not question the sufficiency of the petition to lay out the road. She does, however, contend that the notice given pursuant to the statute is irregular and does not conform to the petition; but it is clear from an examination of the record that she is referring to a notice used in a similar but different proceeding and which was improperly placed in the transcript in this case. The record before us shows that proper notice was given in accordance with the statute and that there is no variance between it and the petition.

Plaintiff in error questions the sufficiency of the plat filed with the commissioner of highways. The petition requests that said road be laid out, beginning at the southwest corner of the northwest quarter of the southwest quarter of section 2, township 12, south, range 10, east of the third principal meridian, and extending south forty feet wide along the east side of the west line of the southwest quarter of the same quarter section for a distance of seventeen rods and five links. The plat filed shows the road laid out with the west line of the southwest quarter as the middle line of the road, so that twenty feet of the road is taken from the southeast quarter of section 3. The surveyor who made the plat testified, on cross-examination by counsel for plaintiff in error, that his notes show that the

road was laid out on the east side of the section line and that the stakes indicating the middle line of the road were driven twenty feet east of the section line, and that in making the plat he erroneously placed the road twenty feet west of where it was laid out. Section 78 of the Roads and Bridges act requires the highway commissioner who has entered the preliminary order granting the prayer of the petition to lay out a new road, to cause a survey and plat of such road to be made by a competent surveyor, who shall report such survey and plat to the commissioner, giving the courses and distances and specifying the land over which the road is to pass. The surveyor is authorized by the section to make such changes between the termini as the convenience and interest of the public, in his judgment, may require, but he does not have authority to change the termini. This survey and plat, together with the petition, are prerequisites to the fixing of damages sustained by adjoining land owners, and they must be sufficiently accurate and definite to indicate the lands taken and the lands affected by the taking. While the plat filed with the commissioner is inaccurately made it does not change the northern terminus of the road, and so there is no variance between the survey and the petition in that respect. (*Deer* v. *Commissioners of Highways,* 109 Ill. 379.) There is no contention that the jury and all the parties concerned did not know what lands were taken and what lands were affected by the laying out of this road, and we are satisfied from the record that there could have been no misunderstanding in this regard. As soon as the commissioner discovered that the survey and plat made by the surveyor were inaccurate he should have required the correction of the inaccuracies. If the surveyor first designated by him was found to be incompetent he should have appointed a competent one to make a new survey and plat. We do not consider that the irregularities connected with the making of the survey and plat were such a non-compliance with the

statute as deprived the justice of the peace and the circuit court of jurisdiction of the subject matter. Before a retrial of this cause is had there should be filed a corrected plat and an accurate report of the survey.

Plaintiff in error also challenges the sufficiency of the certificate of the commissioner of highways filed with the justice of the peace. Section 82 of the Roads and Bridges act requires that in case damages are not released or agreed upon, the commissioner shall make a certificate that he is about to lay out a road, describing it and the lands over which it is to be established, naming the owners of such lands and asking for a jury to assess the damages of such owners. The certificate filed in this case is a lengthy, disjointed document, which states awkwardly the facts required by the statute to be stated. It describes the land over which the road is laid out and names the owner of it. It does not state that the owner and the commissioner were unable to agree upon the amount of damages, but such a statement is not necessary in this proceeding for the reason that the statute makes no such requirement. This holding is supported in principle by the decision in *Cahill* v. *Village of Norwood Park,* 149 Ill. 156. It is sufficient in a case of this character if the fact that the parties could not agree upon the amount of damages is brought to the attention of the court in any manner which will satisfy it of the fact. While the certificate filed in this cause contains much surplusage, we are of the opinion that it is sufficient to give the justice of the peace jurisdiction of the subject matter.

The important question presented for our decision and the question which gives this court jurisdiction to review this cause is the challenge to the constitutionality of section 98 of the Roads and Bridges act, which authorizes the laying out of a road for private and public use. Prior to the adoption of the constitution of 1870 this court held a similar act void. (*Nesbitt* v. *Trumbo,* 39 Ill. 110; *Crear*

v. *Crossly,* 40 id. 175.)    A reference to the proceedings of
the constitutional convention of 1870 (page 889) shows
that the question considered by the Supreme Court four
years earlier was debated, and in order to enable the legis-
lature to provide for the laying out of a road for private
and public use there was put into the present constitution
section 30 of article 4.   This section does not give the leg-
islature authority to authorize the taking of private prop-
erty against the owner's consent for a private use, (*Town
of Kingston* v. *Anderson,* 300 Ill. 577,) but the great weight
of authority in this country sustains the right of the legis-
lature to authorize the taking of private property against
the owner's consent where the taking is for a public use,
notwithstanding a much greater benefit will accrue to pri-
vate parties especially interested than to the public generally.
The fact that a road is designated as private does not change
its character, provided it is, in fact, a public road.    (*Town-
ship of Madison* v. *Gallagher,* 159 Ill. 105; *Madera County*
v. *Raymond Granite Co.* 139 Cal. 128, 72 Pac. 915.)    The
authors of the constitution in authorizing the legislature to
pass the law in question, and the legislature in passing the
act, used the term "roads for private and public use" merely
for the purpose of classification.   Public roads are laid out
and maintained at the expense of the public at large, while
roads for private and public use may be laid out at the ex-
pense of such persons as are more especially and directly
interested in them.   While the latter are designated roads
for private and public use, they are as much public as the
former, for anyone may travel them the same as they travel
any other public road.   Whether a way be designated a
public road or a road for private and public use, it is a pub-
lic highway, regardless of the number of people who use
it, if everyone who desires may lawfully use it.   It is the
right of travel by all the world, and not the exercise of the
right, which constitutes a way a public highway.   (*In re
Mayor of New York,* 135 N. Y. 253, 31 N. E. 1043; *Speck*

v. *Kenoyer,* 164 Ind. 431, 73 N. E. 896; *Mueller* v. *Supervisors,* 117 Minn. 290, 135 N. W. 996.) If the highway is, in fact, open for the use of the public generally, then the power to condemn land for the highway may be properly exercised though an individual may be deeply interested or benefited by the opening of the way, or though it accommodates some individuals more than others, or though it may accommodate but a limited portion of the public. (*Litchfield and Madison Railway Co.* v. *Alton and Southern Railroad,* 305 Ill. 388; *Towns* v. *Klamath County,* 33 Ore. 225, 53 Pac. 604; *Latah County* v. *Peterson,* 3 Ida. 398, 29 Pac. 1089; 13 R. C. L. 31.) The fact that a private individual pays for the right of way does not change the character of the road. (*Department of Public Works and Buildings* v. *Caldwell,* 301 Ill. 242.) There is no valid constitutional objection to the legislation.

On the trial of the cause the circuit court held that the value of the property taken was to be fixed as of the date of the hearing. This was error. The rule is well established that the value of the property is to be fixed as of the date of the filing of the petition. (*Sanitary District* v. *Chapin,* 226 Ill. 499; *Chicago and State Line Railway Co.* v. *Mines,* 221 id. 448.) For this error the judgment must be reversed.

Plaintiff in error contends that the court improperly directed the jury to apportion the damages between the petitioner and the road district, and erred in giving to the jury a form of verdict which assumed that the road district was benefited by the laying out of the road. The statute provides that the amount of damages shall be paid by the persons benefited thereby to the extent and proportion they are benefited, as determined and declared by the court. Reading together all of the sections of the act that have to do with the laying out of a new road, we are of the opinion that the legislature used the word "court" in its

general sense, thereby including the judge and the jury. The act requires that a jury be summoned to fix the amount of damages, and it is proper that the same authority shall apportion the damages among the persons or corporations liable for them. It was not error for the court to assume, in submitting a form of verdict, that the public would be benefited by the laying out of this new road, because the public is necessarily benefited by the establishment of a new public highway. In the case of roads for public and private use, evidence should be heard with respect to the proper apportionment of the damages between private parties benefited and the public, and the jury by its verdict fixing the amount of damages should also make the apportionment.

The transcript of record filed in this cause is not prepared in accordance with the rules of this court. The parts of the record do not follow each other in chronological order nor are they connected by apt statements. There are incorporated into the record many papers which have no relation to the cause presented for review by this writ of error, and in other respects there is confusion, which makes it difficult to determine whether all the proceedings to lay out this road have been regular. We have endeavored to cover all the points presented by the briefs filed and have made some investigation of the questions presented in addition to the argument found in the briefs. While the proceedings had in the opening of this road are unsatisfactory in many respects, we are of the opinion that the errors are such that they can be corrected on a new trial in the circuit court.

The judgment is reversed and the cause is remanded to the circuit court of Hardin county for a new trial.

*Reversed and remanded.*