Goynes v. State.

Opinion delivered October 5, 1931.

304

*Atkins & Stewart,* for appellant.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

MEHAFFY, J. The appellant was indicted for murder in the first degree and was convicted of manslaughter, and his punishment fixed at five years in the penitentiary.

It was alleged that he shot and killed one Jesse Campbell. The only assignments of error are as follows: (1) The prejudicial testimony of witness Homer Burke. (2) The error in admitting over appellant's objection the purported dying declaration of the deceased, Jesse Campbell.

It would serve no useful purpose to set out the testimony, as there is no contention that the evidence is not sufficient to support the verdict.

The testimony of Homer Burke which the appellant claims was erroneously admitted is as follows: ''So he told us, says, 'Now I want you to lock Vernie Goynes up; he told me he was going home and get his gun and come back and kill me'.''

Appellant contends that, the above testimony having been admitted over his objections, the error was not cured by the court excluding this testimony and directing the jury that they could not consider it. Appellant admits that the general rule is that, when the court admits incompetent testimony, and afterwards excludes it from the consideration of the jury, this cures the error.

In the trial of a case in the circuit court, it sometimes happens that incompetent evidence is admitted,

and when it appears to the court that any evidence admitted is incompetent, it is the duty of the court to exclude it from the consideration of the jury, and to instruct the jury not to consider it.

Trial courts must necessarily have large discretion in the admission and rejection of evidence. Of course, this discretion must be exercised carefully so as to result in no prejudice to the defendant. If, however, the court has admitted testimony that he afterwards concludes is incompetent, certainly he should not be required to continue in this error; but it is his duty to correct the error. The trial judge can only do this in the manner done in the instant case, or, at the request of the defendant, the case might be withdrawn from the jury and tried before another jury.

The Texas court said: "We think the true rule on this subject to be: If the testimony is not of a very material character, it may be withdrawn by the court, and the error thus cured; but if, on the contrary, the evidence is of a material character, and was calculated to influence or affect the jury, the withdrawal of the same from their consideration would not heal the vice of its admission." Barth v. State, 39 Tex. Cv. R. 381, 46 S. W. 228, 73 A. S. R. 935.

The evidence objected to in this case is the testimony of Burke, to whom Campbell went after the first difficulty and made the statement testified to by Burke. This same statement was in Campbell's dying declaration which was introduced in evidence, and no objection was made to the dying declaration of Campbell on this ground. Moreover, the appellant himself, when the evidence was introduced over his objection, asked the court to exclude it.

The dying declaration having already been introduced, containing the same evidence given by Burke, and no objection having been made to its introduction on this ground, the evidence of Burke was cumulative.

"The admission of objectionable evidence is not cause for reversal where the same or substantially the

same evidence has been previously received without or over objection, and it does not appear that the evidence, when admitted the second time, exerts more influence than when admitted the first time, or that other prejudice has resulted." 38 Cyc. 1418.

"The general rule is that, if evidence erroneously admitted during the progress of a trial is distinctly withdrawn by the court, the error is cured, except in extreme instances where it is manifest that the prejudicial effect of the evidence on the jury remains despite its exclusion and influences their verdict." 38 Cyc. 1440.

"The general rule is that if inadmissible evidence has been received during the trial, the error of the admission is cured by its subsequent withdrawal before the trial closes, and by an instruction to the jury to disregard it." 38 Cyc. 1441.

Appellant objects to only a portion of the answer of the witness. The question was: "Well, what was his condition?" The witness answered: "Well, he had a few scratched places on his face and his left eye was blue."

The witness then volunteered the statement to which appellant now objects. The question was proper and was not objected to. That portion of the answer above quoted was competent. The appellant did not point out that portion of witness' statement to which he now objects, but after the witness had answered he stated: "Now, we object to that, your Honor."

It was his duty to point out the part of the answer of the witness to which objection was made. No one could have anticipated that the witness would volunteer the statement which is now objected to, and there was nothing the court could do to correct it except withdraw it from the consideration of the jury as he did. If the court could not do this, then any witness might cause a mistrial by making a statement that no one expected him to make, that the court could not have anticipated he would make, in answer to a proper question.

The court not only directed the jury not to consider this evidence, but they evidently did not consider it. Appellant was not found guilty of murder, but of manslaughter.

It is next contended by the appellant that the court erred in admitting the dying declaration of the deceased Jesse Campbell. The only objection made to the dying declaration as evidence, however, is that there was no competent testimony introduced on the part of the State to show that the deceased was mentally competent to make a statement. There is no evidence in the record tending to show that he was unconscious, but the doctor did not know whether he was competent or not, but stated that he was suffering. He also said that he answered the questions, told them how it happened, and made a clear statement of it.

It is the province of the court to determine whether a dying declaration was made under circumstances that it would justify the court in admitting it, and the weight to be given to the statement is to be determined by the jury. *Sanderlin* v. *State*, 176 Ark. 217, 2 S. W. (2d) 11; *Adcock* v. *State*, 179 Ark. 1055, 20 S. W. (2d) 120.

It was not the duty of the State to show that the deceased was rational, but the evidence in this case does not tend to show that he was not rational, and whether the deceased was of sound mind when he made the statement was a question of the credibility rather than the admissibility of the declaration. 30 C. J. 278; Underhill on Criminal Evidence 231; *Mathis* v. *State*, 15 Ala. App. 245, 73 So. 122.

The admissibility of the declaration was for the court, and it was properly submitted to the jury. It was the province of the jury to determine its weight and the credibility of the witness.

The judgment of the circuit court is affirmed.