SMITH AND PARKER *v.* STATE.

Criminal 4066.

Opinion delivered November 22, 1937.

*Booker & Booker,* for appellants.

*Jack Holt,* Attorney General, and *John P. Streepey,* Assistant, for appellee.

BAKER, J. Appellants were charged by information and tried for the robbery of one John Joshua in the Osceola district of Mississippi county. The jury found both guilty and fixed their respective terms in the penitentiary at twenty-one years.

The record upon which this appeal is presented consists of a copy of the information filed and of the judgment and sentence of the defendants, with affidavits of the prosecuting attorney, Bruce Ivy, Joe Rhodes, who was appointed to defend and did defend, the appellants upon the trial and also an affidavit of Mrs. Buford Murray, the court reporter. These affidavits perhaps supply, in a measure, a part of the history of the case. The defendants were tried at a special or adjourned term of court. Prior to the opening of the court the prosecuting attorney talked with the defendants, advised them to get counsel and have their witnesses ready. When, finally, they were not able, or did not employ counsel, he advised Joe Rhodes that he, the prosecuting attorney, would ask the court to appoint an attorney and he thought it probable that Rhodes would be appointed and asked Rhodes to get the cases ready for trial. Rhodes, believing he would be appointed, conferred with the defendants, had sub-

poenas issued for such witnesses as they desired and upon the cases being reached for trial, he was duly appointed and defended under that appointment.

Not a word of testimony is brought forward by the bill of exceptions or otherwise, but it is stated by Mr. Rhodes' affidavit, at least, that he found the cases must be determined upon questions of fact; that the defendants knew this and that at the time the trial was begun, the court reporter was present, ready to take the testimony, but that he waived for his clients the taking of this proof by the official reporter, that this was done in their presence and with their consent. It was probably not in contemplation of the parties that the ultimate result would be a conviction with a heavy penalty.

Only two matters are argued for the reversal upon the joint information charging both of them with the same offense and upon which they were tried together without objection, convicted at the same time; and raised identical questions upon appeal.

Appellants argue the illegality of prosecution by information and insist that they could not have been legally tried except upon an indictment by a grand jury. This question has just been disposed of in *Penton* v. *State, ante* p. 503, 109 S. W. (2d) 131. It is shown therein that the proceedings were authorized under amendment No. 21 to the Constitution, under act No. 160 of the Acts of 1937, approved March 1, 1937, and also under initiated act No. 3. There is no reason at this time to re-examine and restate our conclusions reached in the case mentioned. That opinion is controlling on this appeal.

In connection with that issue the appellants argue that inasmuch as the information was filed on June 28, and they were brought to trial on Tuesday, June 29, they did not have forty-eight hours before arraignment and before proceeding to trial. This forty-eight hour period is applicable to those charged with a capital offense. Section 3878, Pope's Digest. There is no record, as above stated, in regard to the formal arraignment or whether the same was waived, nor do counsel for appel-

lants even assert or intimate that the appellants objected to going to trial at the time or that they desired any time for preparation, nor is it intimated that they did not waive formal arraignment. They certainly cannot proceed upon a presumption that it was error to put them to trial. Besides they cite § 3128 of Crawford & Moses' Digest, now § 3964, Pope's Digest, as follows:

"All prosecutions shall stand for trial on the day to which they are docketed where the defendant is in custody, or on bail, or has been summoned three (3) days before commencement of the term."

The affidavits, at least, show these defendants to have been in jail. They were not summoned or brought in by any process served; they were in custody, willing and ready to go to trial. We will not presume error.

The only other question urged is that the court reporter did not report the evidence in the case so that the bill of exceptions might be prepared. It is stated by the affidavits, and we think virtually conceded by appellants, that the right, if it were one, to have the evidence reported was waived by the appellants. They certainly could not waive this right, go to trial and, if disappointed in the result, then insist upon the right thereafter.

Questions upon appeal are apt to receive more favorable consideration if made and presented with consistent good faith.

It is also argued that the sentence of twenty-one years is oppressive. Beyond a mere statement to that effect there is nothing to support that conclusion. The statute fixes the penalty for robbery at from three to twenty-one years. Sections 3035, 3036, Pope's Digest. This wide range within which penalties might be fixed doubtless contemplated that conditions proved would establish extremely malicious or diabolical conduct in some cases calling for severer penalties than in others.

We know nothing of the facts in this case. It may be of a character so aggravated in its nature as to call for the severest possible penalty. If the jury thought so, then the trial court, wherein all the evidence was heard, must have determined that the verdict, severe as it was,

was justified. We cannot presume otherwise. Besides, this court possesses no power inherent in the office of the chief executive, permitting us to pardon or remit penalties, although we may reduce extreme penalties when not supported by the evidence. Judgments must be presumed to be supported by substantial evidence until a contrary condition is affirmatively shown.

There is no suggestion here of insufficient proof. Affirmed.