WILLIAM JACKSON v. STATE

5166                                    410 S. W. 2d 766

Opinion delivered January 30, 1967

*Coleman, Gantt, Ramsay & Cox,* for appellant.

*Bruce Bennett,* Attorney General; *Fletcher Jackson,* Asst. Atty. Gen., for appellee.

PAUL WARD, Justice. This appeal comes to us under Criminal Procedure Rule No. 1.

On March 2, 1964 William Jackson (appellant) was tried and convicted for the crime of burglary and sentenced to five years in the penitentiary. The information charged that he and Timothy Hawkins, on November 18, 1963, unlawfully broke into a grocery store owned by Howard Baker in Jefferson County with the intent to

commit burglary. No appeal was taken, but on July 26, 1965 appellant filed a petition for a writ of *habeas corpus* in the Jefferson County Circuit Court alleging his constitutional rights had been denied at the 1964 trial. The petition was denied and, on certiorari to this Court, we granted this appeal. The case is now here for a review of the record made at the 1964 trial.

For reversal appellant relies on three separate assignments of error.

*One.* Two days after the burglary was allegedly committed appellant (and Hawkins, an accomplice) became involved in an alleged robbery in Jackson, Mississippi, and both were apprehended there by enforcement officers, and appellant was later returned to this State. He allegedly made certain incriminating statements to officers tending to involve him in the burglary in this State. These incriminating statements were admitted in evidence at the 1964 trial over proper objections.

It is here contended by appellant that the admission of said statements violated his constitutional rights because he was not advised of his rights to remain silent and to be represented by counsel. In support of his contention appellant relies on the holdings in *Escobedo* v. *State of Illinois*, 378 U. S. 478 and *Miranda* v. *Arizona*, 384 U. S. 436.

Conceding, for the purpose of this opinion, appellant is correct in his interpretation of the holdings in the above mentioned cases, his contention for a reversal must fail. As previously pointed out appellant was convicted on March 2, 1964. The *Escobedo* case was decided on June 22, 1964 and the *Miranda* case was decided on June 13, 1966. In the case of *Johnson* v. *New Jersey*, 384 U. S. 719 it was held that the above mentioned cases were not retroactive.

There is nothing in the record to show appellant

was induced to make the statements by any threat or promise of leniency.

. *Two.* This point deals with the question of illegal search and seizure. We agree with appellant that evidence obtained by such methods is not admissible.

At the 1964 trial the State introduced in evidence a pistol found in the possession of appellant while he was in Jackson, Mississippi. It was further shown at the trial that this pistol belonged to Howard Baker and that it was taken from his store at the time of the burglary.

It is here insisted by appellant that the officers obtained possession of the pistol by an illegal search of his motel room in Jackson. Again we cannot agree with appellant, under the facts revealed by the record.

Appellant and Hawkins were suspected of having burglarized a store in Jackson two days after the burglary in this State. Witnesses notified the officers they had seen appellant and Hawkins near the store at the time of the burglary. While investigating the scene of the crime the officers found a key attached to a tab which revealed the room number of a certain motel. The officers went to the room and found appellant and Hawkins. A search of the room revealed incriminating evidence and also the pistol in question. One officer testified he did not obtain a search warrant because he felt it was a case of emergency and that the men might leave town since they were traveling in a car. The officers took possession of the pistol which they found in a desk drawer and placed the men under arrest. Under these circumstances we think the officers were justified in what they did under the holdings in *Ker* v. *California,* 374 U. S. 23 which discusses and evaluates numerous other decisions dealing with this same question. Also, the material facts in the Ker case were somewhat similar to the facts here involved. In the cited case officers entered an apartment occupied by Ker and his wife, arrested them and, after a search, took possession of articles which were later put

in evidence. On appeal Ker and his wife contended "that their arrest in their apartment without a warrant lacked probable cause and that the evidence seized incident thereto was therefore inadmissible". In denying appellant's contention the U. S. Supreme Court made statements which are pertinent, we think, to the issue here raised. We now refer to some of the statements or holdings.

> "We reiterate that the reasonableness of a search is in the first instance a substantive determination to be made by the trial court from the facts and circumstances of the case and in the light of the 'fundamental criteria' laid down by the Fourth Amendment and in opinions of this Court applying that Amendment."

> "The lawfulness of the arrest without warrant, in turn, must be based upon probable cause, which exists 'where "the facts and circumstances within their [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that" an offense has been or is being committed.' "

In commenting on information to indicate probable cause, the Court also said:

> "That this information was hearsay does not destroy its role in establishing probable cause."

Applying the above rules to the facts heretofore set out, we are unwilling to say the search made by the Mississippi officers was illegal. The *Ker* case also points out that "the lawfulness of the arrest without warrant is to be determined by reference to state law". The case before us also meets that requirement with reference to the arrest in Mississippi. Miss. Code § 2470 Arrests—When Made Without Warrant.

*Three.* Finally, appellant contends it was reversible error to introduce the pistol in evidence because (a) it was not identified and (b) its value was not proven. We do not agree.

(a) The pistol was traced from the Mississippi officers to the officers of Jefferson County. It was identified as a .38 Smith & Wesson revolver, serial number 291692, and it was described and identified by Mr. Baker as being the one taken from his store.

(b) Appellant's objection here appears to be that there was no showing as to the value of the pistol, contending it was necessary to show he stole property worth more than $35 to be *guilty* of *grand* larceny. There are two answers to this contention. Appellant was not convicted of grand larceny and Mr. Baker did testify as to the value of the pistol.

Affirmed.