James A. BASS *v.* The STATE of Arkansas

5489                                                    450 S. W. 2d 553

Opinion delivered March 2, 1970

*Skillman & Furrow,* for appellant.

*Joe Purcell,* Attorney General; *Don Langston* and *Mike Wilson,* Asst. Attys. Gen., for appellee.

CARLETON HARRIS, Chief Justice. On September 12, 1968, James A. Bass was charged with the crimes of burglary and grand larceny, the Information alleging that he broke into the Delta Case Company at West Memphis, and took payroll checks, an IBM electric typewriter, a Victor calculator and a Pay-Master check pro-

tector. Two other persons were likewise charged with the offenses. On September 16, the Circuit Court appointed counsel for appellant and his brother. On September 30, after counsel had talked with the Prosecuting Attorney, appellant entered a plea of guilty in open court, and was given a 5-year sentence for burglary with 20 months to be served before parole eligibility; the charge of grand larceny was not acted upon. Appellant's brother was given a 5-year suspended sentence. On December 10, appellant filed a petition based upon Criminal Procedure Rule No. 1, alleging violation of his constitutional rights, and the Circuit Court subsequently conducted a hearing, at which time evidence was taken. At the conclusion of the hearing, the petition for relief was denied. From the judgment so entered, appellant brings this appeal.

The petition first asserts that the appellant was arrested, taken into custody, and was not advised of the charges against him, nor was he advised of the amount of bail set for his release. In the first place, it would appear that the matters raised in this point became moot, since appellant entered a plea of guilty to the charge. The testimony of Bass was denied by Detective Raymond Gaia of the West Memphis Police Department, who testified that appellant's brother had confessed to his part in the burglary, and had implicated James.

This information was conveyed to appellant, and the evidence makes plain that the latter was well aware of why he was being taken into custody. It is not really clear but that Bass voluntarily accompanied the officers to the station, but at any rate, the implication of appellant by his own brother furnished probable cause to make an arrest. Probable cause was discussed in *Jackson* v. *State*, 241 Ark. 850, 410 S. W. 2d 766.

As to the bail bond, the record reflects that bail was set in the amount of $5,000.00. Appellant complains that this bond was not properly fixed, but there is no reason for complaint, for there is nothing in the transcript that

indicates that appellant ever made a request for bond, nor any request that the amount of the bond be reduced. We find no merit in these contentions.

Appellant complains that he was entitled to be served with a copy of the Information, which set out the nature of the charge against him. Amendment 21 to the Arkansas Constitution, which authorizes the several Prosecuting Attorneys to file Informations, contains no requirement that a copy of the Information be served on the person charged with the offense. Bass was served with a warrant when the information was filed, and it is certain that he was acquainted with the nature of the charges against him. Prior to the plea, the charges were explained to appellant by the attorney appointed to represent him, and the offer of the Prosecutor to recommend a term of five years on a plea of guilty to burglary had been discussed by the attorney and the prisoner.

Complaint is made that, though appellant was taken into custody on September 7, 1968, no attorney was appointed on his behalf until September 16. Bass, who executed a waiver of rights, testified that he had requested an attorney prior to signing this waiver; that he signed a confession, but did so in order to keep the officers from "locking up" his sister. Appellant stated in court that he was "repudiating" the confession, and denied that he had anything to do with the burglary. This evidence was very much in dispute. Detective Gaia testified that there were no threats made concerning the sister; that he did not recall Bass' requesting an attorney before interrogation; that he advised appellant of his right to remain silent, and to have counsel; that Bass voluntarily signed the waiver. Appellant admitted signing the waiver, which appears in the record and meets the standard set out in *Miranda* v. *Arizona*, 86 S. Ct. 1602, 384 U. S. 436, 16 L. Ed. 2d 694 (1966). Of course, since appellant pleaded guilty, the confessions were not used, and it is doubtful that that holding could have any application to this case. However, the Circuit Court, at the conclusion of the hearing, relative to the volun-

tariness of appellant's statements, said:

"* * * petitioner has testified with some degree of positiveness with relation to his constitutional rights having been violated by the investigating officer at the time he did sign the two statements the record reveals. And the court would like these to be introduced as evidence in this matter, because they were referred to freely. Give it to the court reporter. The court will accept it as an exhibit in the case.

"The court, however, finds that the officers did instruct the petitioner with reference to his rights, as indicated by the waiver, which is in evidence, and those rights were observed by the officers."

This finding is supported by the record.

We find no reversible error.

Affirmed.

FOGLEMAN J., not participating.