BILLY THOMPSON *v.* STATE OF ARKANSAS

5521                                  458 S. W. 2d 40

Opinion delivered September 28, 1970

*Howell, Price, Howell & Barron,* for appellant.

*Joe Purcell,* Attorney General; *Sam Gibson,* Asst. Atty. Gen., for appellee.

LYLE BROWN, Justice. Billy Thompson was convicted of (1) unlawful entry into a building with intent to commit a felony, and (2) forcible and felonious entry into vending machines located inside the building. On motion of the prosecuting attorney a screwdriver and a tire tool were marked for identification. The witness upon whom the State was relying to connect those im-

plements with the accused was unable to identify them. We are asked to hold that prejudicial error was committed which entitled Thompson to a mistrial.

The evidence of the State was brief and uncontroverted. Pike Bowling Lanes had experienced burglaries on Monday nights. Those incidents occurred between 2:00 a.m., when the night operator closed the premises, and the time for opening the following morning. On the particular Monday night in question the night operator inspected the premises to determine that no outsiders were in the building, locked the doors, and left at the usual time. The manager of the bowling alley, instead of leaving the building, went to his office, closed the door, and reclined for the remainder of the night, the plan being to thwart any attempted burglary. The manager's head was resting against the office door and some fifty minutes after retiring the door was bumped against his head. The intruder stuck a gloved hand through the door as if to remove any obstacle against the door. Armed with a shotgun, the manager opened the door and was faced by appellant and another man. The latter succeeded in escaping but appellant fell to the floor, dropping a screwdriver. Appellant was held in custody until officers shortly arrived.

Inspection of the premises revealed that a rear window had been forced open; twelve vending machines had been jimmied; over $200 had been gathered and was contained in a bag just outside the office; and a lug wrench, foreign to the premises, was discovered.

Officer Holley testified that he had in his possession the screwdriver and tire tool found on the premises and it was through that witness that the State proffered the instruments for the limited purpose of being marked for identification. Officer Holley was the first witness and presumably it was anticipated that the proper foundation for introduction as exhibits would be made by a subsequent witness. Louis Dillinger, the manager of the bowling lanes, was the State's last witness. He testified that he did not see the tire

tool at the time of appellant's apprehension. A mistrial was requested and denied but the court admonished the jury not to consider it as evidence. With respect to the screwdriver, Dillinger testified that he saw appellant drop one, but the witness was unable to say that the one proffered for identification was actually the instrument which was dropped. The court sustained appellant's objection to the introduction of the exhibit and admonished the jury to disregard it as evidence.

The question on appeal is whether the evidence pertaining to the screwdriver and tire tool, which were not ultimately connected with the accused, calls for a reversal. The answer to the problem is found in the general rule as evidenced by such cases as *Rogers* v. *State,* 60 Ark. 76, 29 S. W. 894 (1894), and *Goynes* v. *State,* 184 Ark. 303, 42 S. W. 2d 406 (1931). Error in admitting incompetent testimony is generally cured by excluding it, but if it is manifest that the prejudicial effect of the evidence remains despite the exclusion and influences the verdict, the error is not cured by the admonition. See 24B C. J. S. Criminal Law, § 1915 (8). We are unable to perceive, even by stretching the imagination, that the verdict of guilty or the amount of the sentence, was affected by the challenged evidence. Appellant's guilt was clearly established by competent testimony. Considering all the circumstances the punishment was far from being severe. Actually the evidence of instruments used was purely collateral.

Still another rule of law is significant in this case. Trial courts have broad discretion in admitting evidence on condition that subsequent evidence be supplied to competently connect the conditioned evidence with the offense. If the connecting evidence is not forthcoming a proper admonition to the jury to disregard the conditional evidence is sufficient, subject of course to the exception pointed up in *Rogers* and *Goynes. Rushing* v. *State,* 182 Ark. 101, 29 S. W. 2d 1079 (1930).

Appellant asks us to pronounce a new rule of law. He wants us to hold that when a prosecutor presents

an exhibit for identification and he knows or should know it cannot be connected with the accused, "the trial court should upon objection presume unfair conduct and declare a mistrial." We are cited no authority and are not aware of any precedent to support such a rule. Suffice it to say that we do not consider the proposed rule either reasonable or necessary to the procurement of a fair trial and that it would do violence to our present rules of trial procedure.

Affirmed.