WILLIAM LLOYD JOHNSON *v.* STATE OF ARKANSAS

5524                                    458 S. W. 2d 409

Opinion delivered October 12, 1970

*Warner, Warner, Ragan & Smith* and *Troy R. Douglas,* for appellant.

*Joe Purcell*, Attorney General, *Sam Gibson,* Asst. Atty. Gen., for appellee.

Frank Holt, Justice. Appellant was charged by information with the crime of robbery and was convicted of that charge by a jury which fixed his punishment at fifteen years in the penitentiary. Since the evidence disclosed that appellant used a firearm in the commission of the robbery, the trial court imposed upon him, pursuant to Ark. Stat. Ann. §§ 43-2336, -2337 (Supp. 1969), an additional seven years to run consecutively with the fifteen-year sentence set by the jury. From the judgment upon these two separate sentences comes this appeal.

The state's case established that the Piggly Wiggly Food Mart in Fort Smith was robbed of approximately $3,660 by two armed men, one of whom was wearing army fatigue pants, a blue denim work jumper and a white cowboy hat. Their flight from the scene attracted the attention of a bystander who took down the license number of their get away car. This information, together with a description of the armed robbers by two employees of the store, was furnished to the police. A police radio report was then dispatched describing the robbers and their car—a 1968 or 1969 black over yellow Chevrolet, license number BNI-247. A state trooper, observing this vehicle on Highway 64 about seven miles from Ozark, radioed ahead to Clarksville. A road block was set up, and the vehicle was stopped. The driver was asked to open the trunk, but replied that the car was a rental unit and that he did not have a trunk key. A police officer thereupon proceeded to drive the car toward Ozark where the trunk could be opened. On the way, the officer felt a weight shift in the back end of the car and heard noises from the trunk. He pulled over to the side of the road, stopped the car, and went back to the trunk. He and the local sheriff (who had joined him) commanded any occupant to come forth or they would shoot into the trunk. The trunk was then apparently forced open from the inside by the occupants and the appellant and a confederate

emerged. These men fitted the description of the robbers and were arrested. A loaded pistol was removed from each man; and $3,657, a money bag, a hat, and false eyebrows, sideburns and cosmetics were recovered from inside the trunk. Appellant was identified at trial as one of the robbers, and most of the objects found in the trunk were introduced into evidence.

For reversal, appellant asserts that the state's tangible evidence was the fruit of an illegal search and seizure and, therefore, erroneously admitted. We do not agree. A determination of the lawfulness of a search and sei ure must be made from the particular facts and circumstances of each case. *Jones* v. *State,* 246 Ark. 1057, 441 S. W. 2d 458. A search, of course, may be made without a warrant if it is incidental to a lawful arrest and substantially contemporaneous therewith. *Moore* v. *State,* 244 Ark. 1197, 429 S. W. 2d 122 (1968); *Tygart* v. *State,* 248 Ark. 125, 451 S. W. 2d 225. In the case at bar, then, a resolution of this issue is contingent upon the lawfulness of appellant's arrest. Since no warrant was issued, appellant's arrest was nevertheless lawful if there was probable cause to justify it. An arrest without a warrant is valid where the arresting officer has a reasonable grounds to believe that the arrested person has committed a felony. Ark. Stat. Ann. § 43-403 (Repl. 1964); *Read* v. *State,* 242 Ark. 821, 415 S. W. 2d 560 (1967). Again, each case must rest upon its own facts in a determination of whether or not probable cause existed. *United States* v. *Theriault,* 268 F. Supp. 314 (W. D. Ark. 1967). A police radio report reciting a sufficient description can be adequate grounds upon which to base probable cause for an arrest. See *Theriault* v. *United States,* 401 F. 2d 79 (8th Cir. 1968). Probable cause is to be evaluated from the collective information of the police department and not merely on the personal knowledge of the arresting officer. *Jones* v. *State, supra; Williams* v. *United States,* 308 F. 2d 326 (D. C. Cir. 1962). The information must establish more than a mere suspicion, but it need not be tantamount to the quantum of proof necessary to support a conviction. *Jones* v. *State, supra.* Simply stated, probable cause is a reasonable ground of suspicion supported by circumstances sufficiently strong

in themselves to warrant a cautious man to believe the accused committed a felony. *Theriault* v. *United States, supra; Jackson* v. *State,* 241 Ark. 850, 410 S. W. 2d 766 (1967); *Russell* v. *State,* 240 Ark. 97, 398 S. W. 2d 213 (1966).

In the case at bar, the arresting officer was informed of the correct license number of the get away car and had an accurate description of it as well as of the armed appellant and his trunk mate. We are without hesitation in finding that these facts and circumstances were more than sufficient to establish probable cause for arrest and that, therefore, the search and seizure incidental thereto were lawful. For a recent decision holding the search of an automobile valid solely upon the basis of probable cause for the search itself not incidental to an arrest, see *Chambers* v. *Maroney,* 399 U. S. 42 (1970).

Appellant also contends that the court erred in permitting certain of the state's exhibits (the record is unclear here as to what precisely was in view of the jury) to be displayed on the prosecutor's table prior to being offered as evidence, particularly since all the items on display were not subsequently admitted into evidence. While we do not condone this practice, we can hardly assign reversible error to it in the circumstances. Even in the more extreme situation where exhibits are introduced into evidence and later excluded because of a failure to connect them with the defendant, reversible error will not be declared if the verdict was not affected by the challenged evidence. *Thompson* v. *State,* 249 Ark. 36, 458 S. W. 2d 40. Here, the only exhibits not introduced into evidence were the false eyebrows and sideburns and the cosmetics. From an observation by the trial court, it appears that these particular items were never visible to the jury. At any rate, the jury was later admonished to consider only the evidence actually admitted; and, in reviewing the record, it is clear that appellant's guilt was sufficiently established by ample competent evidence.

Appellant next asserts that prejudicial error was committed when the prosecuting attorney commented during closing argument that appellant was from Illinois and apparently made his livelihood from crime. Appellant's request for a new trial was denied, and the court admonished the jury to consider only the evidence in arriving at a verdict. The court then stated to the defense attorney: "[Y]ou've invited comments of this nature in your statements to the jury and in fairness the prosecuting attorney is entitled to answer you." We have often had occasion to note that the trial court has wide discretion in supervising the arguments of counsel before juries and that this court will not reverse unless a manifest abuse of discretion is shown. *Parrott* v. *State*, 246 Ark. 672, 439 S. W. 2d 924; *Petty* v. *State*, 245 Ark. 808, 434 S W. 2d 602 (1968). Here, no abuse is manifested in the trial court's refusal to declare a mistrial.

Appellant also urges that his conviction should be reversed because, according to him, his trial attorney failed to file certain motions; failed to make sufficient objections and exceptions; and otherwise failed to conduct an adequate defense. It is almost always possible to criticize, after the fact, the performance of an attorney in matters which involve elements of discretion and judgment upon which competent counsel might honestly disagree. *Barnhill* v. *State*, 247 Ark. 28, 444 S. W. 2d 97. A review of the record does not substantiate the contention of inadequacy of counsel. See *Cross* v. *United States*, 392 F. 2d 360 (8th Cir. 1968); *Mitchell* v. *United States*, 259 F. 2d 787 (D. C. Cir. 1958). To the contrary, it appears that appellant had the benefit of effective assistance of counsel in the case at bar.

Finally, we come to the contention that the addition of an extra seven-year sentence by the trial court violated appellant's constitutional rights. With this we must agree. Although of doubtful validity, we do not deem it necessary here to pass upon the constitutionality of the applicable statute [Act 78 of 1969; §§ 43-2336, -2337,

-2338 (Supp. 1969)]. We consider only the application of this act to the present case. Section 43-2336 provides that the trial court, in its discretion, may impose an added sentence of up to seven years upon anyone convicted of a felony who utilized a firearm in its commission or escape therefrom. Section 43-2338 establishes the right of a defendant to take a separate appeal from such an added sentence. However, the act provides "* * * that the sole and only question to be decided upon such separate appeal shall be whether the evidence warrants a finding that the defendant actually employed a firearm * * *." In the case at bar, the information did not separately allege that a firearm was utilized in violation of Act 78 of 1969. The information was premised only upon the general robbery statute, § 41-3602 (Repl. 1964). By the terms of this latter statute, the manner of the force or mode of intimidation is not material to the crime of robbery. Although evidence was adduced that appellant committed the crime while armed with a pistol, no specific finding was ever made to this effect by the jury (before which the appellant chose to have his case tried) inasmuch as this particular issue was never presented to it. The trial court merely considered the evidence and made its own determination of fact or "finding" as to the use of a firearm, thus divesting appellant of his right to trial by jury. It is also quite probable that the jury, in assessing appellant's punishment at fifteen years, took into account the evidence of his use of a firearm. See *Smith* v. *State,* 194 Ark. 1041, 110 S. W. 2d 24 (1937). In the case at bar, the state's counsel argued to the jury, and properly so, the use of the firearm and asked for a substantial punishment. The general robbery statute, relied upon in the information, provided for a penalty from three to twenty-one years imprisonment. The jury assessed a sentence of fifteen years. By the trial judge's independent imposition of an additional penalty, appellant is well likely being punished twice for the same offense. Furthermore, Article II, Section 10 of the Constitution of the State of Arkansas guarantees to an accused the right to a jury trial and "to be informed of the nature and cause of the accusations against him and to have a copy

thereof." See also Amendment VI, United States Constitution. Nor do we consider the availability of a bill of particulars curative of this constitutional infirmity.

For the constitutional infringements outlined above in the application of §§ 43-2336, -2337, -2338 [Act 78 of 1969] to the case at bar, that portion of the judgment imposing an added seven-year penalty on appellant must be reversed and dismissed. It is so ordered.

Affirmed in part; reversed in part.

GEORGE ROSE SMITH, J., concurs.

HARRIS, C. J., and FOGLEMAN, J., would affirm the judgment in its entirety.

GEORGE ROSE SMITH, Justice, concurring. I agree that the additional seven-year sentence imposed by the trial judge must be set aside. There were clearly two procedural defects in the court below. First, the charge of robbery by the use of a firearm should have been included in the information, to satisfy the constitutional requirement that the accused be informed of the nature of the accusation against him. Ark. Const., Art. 2, § 10. A simple charge of robbery is not the same thing as a charge of robbery by the use of a firearm, any more than a charge of assault is the same thing as a charge of assault with a deadly weapon. Secondly, the court should not have taken away from the jury the matter of imposing an additional sentence under Act 78 of 1969; Ark. Stat. Ann. § 43-2336 (Supp. 1969). It is quite possible that the jury considered the employment of the firearm in fixing the fifteen-year sentence, in which case the trial judge's imposition of a second punishment for the same offense violated the prohibition against double jeopardy.

I disagree with the majority opinion, however, in that I believe that in this instance we should pass upon the validity of Act 78 and should hold it to be constitutional. The issue is argued in the briefs and is a

matter of public interest in the administration of the criminal law throughout the state. It is almost a certainty that the validity of the act will eventually be before us in some future case. There is no good reason for deferring our decision when by so doing we make it possible for other cases to be needlessly reversed and needlessly retried.

On the merits, the challenged provision in Act 78 is that clause which permits an additional period of confinement, up to seven years, to be imposed in firearm cases "in the discretion of the sentencing court." It is argued that such a charge involves a disputed question of fact that must be submitted to a jury rather than to a judge.

It seems to me that the statutory phrase, "the sentencing court," should be construed to refer either to the judge or to the jury, as the case may be. Ordinarily the judge fixes the sentence in a criminal case, but the judge may do so if the jurors are unable to agree upon the punishment or if the case is tried by agreement without a jury.

In criminal trials in Arkansas the "court" ordinarily is composed of judge and jury. In that situation a statutory reference to the court has frequently been held to refer to the jury alone, if that is what the statute really means. *Road Dist. No. 4* v. *Frailey,* 313 Ill. 568, 145 N. E. 195 (1924); *Missouri Pac. Ry.* v. *Merrill,* 40 Kan. 404, 19 P. 793 (1888); *People* v. *Barrett,* 56 Hun 351, 9 N. Y. S. 321 (1890); *Holland Banking Co.* v. *Dicks,* 67 Okl. 228, 170 P. 253 (1917). In the case at bar the phrase, "the sentencing court," has no established meaning in the law. The legislature, however, obviously meant something by the term. It seems plain to me that the statute should be construed to refer either to the judge or to the jury, whichever is appropriate in the particular case. In that view the law is constitutional, and I would so hold.