SLIP OPINION

# SUPREME COURT OF ARKANSAS

No. CV-12-1060

| | |
|---|---|
| JAMES EDWARD SMITH<br>APPELLANT<br><br>V.<br><br><br>RAY HOBBS, DIRECTOR, ARKANSAS<br>DEPARTMENT OF CORRECTION<br>APPELLEE | Opinion Delivered June 26, 2014<br><br>PRO SE APPEAL FROM THE<br>JEFFERSON COUNTY CIRCUIT<br>COURT<br>[NO. 35CV-12-564]<br><br>HONORABLE JODI RAINES DENNIS,<br>JUDGE<br><br>AFFIRMED. |

## PER CURIAM

In 1994, appellant James Edward Smith was found guilty by a jury in the Pulaski County Circuit Court of several felonies, and he was sentenced to an aggregate term of forty years' imprisonment. This court affirmed. *Smith v. State*, 318 Ark. 142, 883 S.W.2d 837 (1994). In 2012, appellant filed a pro se petition for writ of habeas corpus in the Jefferson County Circuit Court alleging that the Pulaski County Circuit Court lacked jurisdiction to convict and sentence him on a felony information filed by the prosecuting attorney rather than on a grand jury indictment.[1] The circuit court dismissed appellant's petition on the grounds that the claims raised therein were without merit and did not provide a basis on which habeas-corpus relief could be granted, and appellant timely lodged an appeal from the order in this court. We find no error and affirm.

---

[1]As of the date of this opinion, appellant remains incarcerated at a facility of the Arkansas Department of Correction located in Jefferson County.

The burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the commitment was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). The petitioner must plead either the facial invalidity of the judgment or the lack of jurisdiction and make a "showing by affidavit or other evidence [of] probable cause to believe" that he is illegally detained. *Id.* at 221, 226 S.W.3d at 798. We will not reverse a circuit court's decision granting or denying a petition for writ of habeas corpus unless the decision was clearly erroneous. *Frost v. State*, 2014 Ark. 46 (per curiam).

On appeal, appellant alleges that the trial court lacked jurisdiction to convict and sentence him because he was charged by felony information filed by the prosecuting attorney and not by grand jury indictment as required by the Fifth and Fourteenth Amendments to the United States Constitution and article 2, section 8, of the Arkansas Constitution. Appellant further alleges that amendment 21, section 1, of the Arkansas Constitution, which provides that criminal offenses may be prosecuted by grand jury indictment or by information filed by the prosecuting attorney, is void to the extent that it conflicts with article 2, section 8.

Claims of defective charging documents are cognizable in habeas proceedings only in limited circumstances when the claims call into question the jurisdiction of the trial court. *Burgie v. Hobbs*, 2013 Ark. 360 (per curiam); *see Bowen v. State*, 205 Ark. 380, 168 S.W.2d 836 (1943) ("The only ground upon which a judgment may be arrested is that facts stated in the indictment or information do not constitute a public offense within the jurisdiction of the court.").

Appellant's contention that the trial court lacked jurisdiction to convict and sentence him

on a felony information rather than on a grand jury indictment is without merit. The Fifth Amendment's requirement that felonies be charged only upon grand jury indictment has not been incorporated through the Fourteenth Amendment against the states, and the Supreme Court of the United States has held that a state is permitted to provide for a prosecution by felony information rather than indictment. *Hurtado v. California*, 110 U.S. 516 (1884); *see also Washington v. State*, 213 Ark. 218, 210 S.W.2d 307 (1948). Moreover, section 1 of amendment 21 to the Arkansas Constitution provides that "[a]ll offenses heretofore required to be prosecuted by indictment may be prosecuted either by indictment by a grand jury or information filed by the Prosecuting Attorney." Appellant urges that amendment 21 is void to the extent that it conflicts with article 2, section 8; this argument, however, also lacks any merit as this court has repeatedly upheld the validity of amendment 21. *See Stewart v. State*, 241 Ark. 4, 406 S.W.2d 313 (1966) (citing *Penton v. State*, 194 Ark. 503, 109 S.W.2d 131 (1937) and *Smith v. State*, 194 Ark. 1041, 110 S.W.2d 24 (1937)); *Brockelhurst v. State*, 195 Ark. 67, 111 S.W.2d 527 (1937).

Because the claims advanced by appellant in the petition for writ of habeas corpus did not call into question the jurisdiction of the trial court or demonstrate the facial invalidity of the judgment, they were not cognizable in a habeas-corpus petition and could not have supported issuance of the writ. Accordingly, the circuit court did not err in dismissing the petition, and we affirm the dismissal.[2]

---

[2]Moreover, we note that appellant has previously raised a similar claim before this court. In *Smith v. State*, 2012 Ark. 311 (per curiam), we declined to grant rehearing after affirming the circuit court's denial of appellant's petition to correct illegal sentence pursuant to Arkansas Code Annotated section 16-90-111 (Supp. 1997). In doing so, we found that appellant's argument that the charging instrument was invalid warranted no relief under section 16-90-111.

SLIP OPINION

Affirmed.

*James Edward Smith*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *LeaAnn J. Adams*, Ass't Att'y Gen., for appellee.