SIMPSON COUNTY *v.* PANTHER OIL & GREASE CO.

(Division A.  May 15, 1939.)

[188 So. 566.   No. 33714.]

**W. M. Lofton,** of Mendenhall, for appellant.

Thos. **S. Bratton,** and **Hilton, Berry & Kendall,** all of Jackson, for appellee.

Argued orally by **W. M. Lofton**, for appellant, and by **R. T. Hilton**, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

Several interesting questions are presented by this record, but it will be necessary for us to consider only one of them, for our answer to it will determine the controversy, and the case will be stated only in relation thereto.

The action is by the appellee to recover the price of goods alleged to have been sold the appellant for use on its public roads. The goods were purchased by a member of the appellant's board of supervisors when the board was not in session, and were delivered to and accepted by him for the appellant, and used on its public roads. This purchase was not authorized by the board of supervisors. The court below, at the request of the appellee, instructed the jury to return a verdict for it, and there was a verdict and judgment accordingly.

The appellant constructs and maintains its public roads under the provisions of section 6381, Code of 1930, under the direct supervision of its board of supervisors, no road commissioner having been appointed. While there is no order on the minutes of the board so directing, parol evidence discloses that each member of the board acted as road commissioner for his district.

The appellee says that this contract of purchase, though made by a member of and not by the board of super-

visors, is valid for two reasons: (1) the member making the contract was a road commissioner, and, therefore, under section 6386 of the Code, had the right to purchase these goods; and (2) that section 6388 of the Code authorized him so to do.

We are not called upon to determine whether under section 6381 of the Code a board of supervisors has the right to appoint its members as road commissioners for their separate districts, for the reason that if we should hold that the board has this right, its exercise can be evidenced only by an order on its minutes.

Section 6388 of the Code is as follows: "Where any contract is made, as provided herein, by any member of the board of supervisors in vacation, without competitive bids, and the amount of such contract exceeds the sum of $100, it shall be the duty of the member of the board of supervisors making such contract to obtain bids from at least two bidders before making such contract, and to file a statement of the amount of each such bid with the board at its next meeting."

This section does not confer any authority on a member of a board of supervisors to make contracts for the construction and maintenance of public roads; it assumes that such a power is elsewhere provided, and simply regulates what the member shall do when the contract exceeds the sum of $100. Its lanuage is "Where any contract is made, as provided herein, by any member of the board of supervisors in vacation," etc. The only section of Chapter 159 of the Code, in which section 6388 appears, conferring power on a member of a board of supervisors to contract for the maintenance of public roads, is Section 6365, which confers such power only in the case of an emergency requiring repairs on a road to be made or begun within three days. If we assume, for the purpose of the argument, that this section applies here, no such emergency is shown or claimed to have confronted this member of the board when he purchased the goods.

The appellee cannot recover and the court below erred

in directing a verdict for it. Since no request for such a verdict was made by the appellant, we can only reverse and remand the case.

Reversed and remanded.