PERKINS *v.* CITY OF LITTLE ROCK.

4995                                    339 S. W. 2d 859

Opinion delivered November 14, 1960.

*Harold L. Hall,* for appellant.

*Joseph C. Kemp* and *Perry V. Whitmore,* for appellee.

SAM ROBINSON, Associate Justice. Appellant was convicted in the Pulaski Circuit Court on the charges of driving while under the influence of intoxicating liquor and leaving the scene of an accident. On appeal he argues two points: First, he says that the evidence is not sufficient to sustain the conviction. There is no merit at all in this contention. A car involved in the collision was driven away from the scene of the accident. By various means, including a trail of water caused by a damaged radiator, the car was traced to where it was parked in the street. Officers located appellant in a house nearby. He admitted he was driving the car involved in the collision and that he drove away from the scene of the accident. He was under the influence of liquor, but at the time of his arrest he said it had been two hours since he had taken a drink. This was about 45 minutes after the accident occurred. All of the evidence considered together constitutes substantial evidence of the appellant's guilt on both charges.

Appellant next contends that the charges against him should be dismissed because he was arrested without a

warrant on alleged misdemeanors and that such alleged offenses were not committed in the presence of the arresting officers. True, the charges against appellant were only misdemeanors and the officers had no authority to make the arrest in the circumstances. Ark. Stats. § 43-403. The officers acted at their peril in making the arrest. *Edgin* v. *Talley*, 169 Ark. 662, 276 S. W. 591, 42 A.L.R. 1194; *Watkins* v. *State*, 179 Ark. 776, 18 S. W. 2d 343. But the fact that the officers had no warrant does not call for a dismissal of the charges. Certainly, one guilty of murder would not have to be released and turned scot-free because the arrest happened to be illegal in the first instance. If as a result of the arrest the officers had obtained incriminating evidence, perhaps such evidence could be suppressed. *Clubb* v. *State*, 230 Ark. 688, 326 S. W. 2d 816. But no evidence of that kind was discovered by virtue of the arrest. True, appellant made voluntary statements to the officers that were used against him, but appellant was in no way coerced into making such statements. A voluntary statement made by the accused at the time of an unlawful arrest is not considered as evidence obtained in an unlawful manner. *Quan* v. *State*, 185 Miss. 513, 188 So. 566.

Affirmed.

ED. F. McFADDIN, Associate Justice, concurring.

I concur in this case for the purpose of preserving my views as stated in my concurring opinion in *Clubb* v. *State*, 230 Ark. 688, 326 S. W. 2d 816.