WILLIE LEE PASCHAL *v.* STATE OF ARKANSAS

5306                                              420 S. W. 2d 73

Opinion delivered October 30, 1967
[Rehearing denied November 27, 1967.]

*McKay, Anderson & Crumpler,* for appellant.

*Joe Purcell, Attorney General; Don Langston,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. Charged with having had possession of goods which he knew to have been stolen, the appellant was found guilty and sentenced to three years imprisonment. Ark. Stat. Ann. § 41-3938 (Repl. 1964). For reversal he contends, first, that his admission of guilt was inadmissible and, second, that it was not sufficiently corroborated.

On January 3, 1967, police officers were investigating the burglary of a liquor store in Ouachita county. Acting upon information that the stolen whiskey was being sold in Columbia county the officers obtained a search warrant and searched Paschal's home near Magnolia. They found two cases of whiskey, which were later identified as having been taken in the burglary. The officers arrested Paschal and took him to Camden, in Ouachita county, for questioning. There is no contention that Paschal was not duly warned of his constitutional rights before the interrogation began. According to the State's testimony, Paschal readily admitted that he knew that the liquor had been stolen.

Counsel for the appellant, citing *McNabb* v. *United States*, 318 U. S. 332 (1943), insist that the confession was inadmissible because Paschal had not been taken before a magistrate for commitment, as the statute requires. Ark. Stat. Ann. § 43-601. The *McNabb* case, however, involved the interpretation of federal statutes that do not apply to the states. *State* v. *Browning*, 206 Ark. 791, 178 S. W. 2d 77 (1944). Under our statute the failure to take an arrested person before a magistrate does not vitiate a confession, because the statute is construed to be directory only. *State* v. *Browning*, *supra*; *Moore* v. *State*, 229 Ark. 335, 315 S. W. 2d 907 (1958).

Nor is there merit in the suggestion that the confession should have been excluded because Paschal was held in confinement for several days before he was charged with an offense. Such an illegal detention does not retroactively affect an admissible confession that

was made soon after the initial arrest. *United States v. Mitchell,* 322 U. S. 65 (1944). This is true because the necessary causal connection between the detention and the confession is lacking.

Secondly, it is argued that the confession was inadmissible for the reason that it "embraced an element vital to the State's case which was not corroborated." The statute does not require that a confession be corroborated in every detail. It is enough that the confession be accompanied by other proof that the offense was committed. Ark. Stat. Ann. § 43-2115; *Mouser v. State,* 215 Ark. 131, 219 S. W. 2d 611 (1949). Not only did the State's evidence show that the two cases of liquor were stolen property; the jury could have inferred from Paschal's own testimony that he knew this to be true. He testified that he bought the two cases at less than the retail price, in a dry county from two men who were transporting the whiskey in an automobile. Thus there was ample proof to show that the offense was actually committed.

Affirmed.