LONNIE EDWARD FLURRY *v.* STATE OF ARKANSAS

5501                                    453 S. W. 2d 402

Opinion delivered May 11, 1970

*Warner, Warner, Ragon & Smith,* for appellant.

*Joe Purcell,* Attorney General; *Milton Lueken,* Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. Appellant Lonnie Edward Flurry was convicted of burglary and sentenced by the jury, pursuant to Ark. Stat. Ann. § 43-2328 (Supp. 1969), the habitual criminal act, to 21 years in the penitentiary. For reversal of the judgment he contends that the findings and sentence are not supported by the law and the evidence; that there is no evidence presented from which a jury could infer intent to commit a burglary upon entering the building; and that the evidence presented to the jury concerning his prior convictions was contradictory, unclear and confusing, thus letting the jury speculate.

The record shows that the burglar alarm at the Star Towel and Linen Company on North Third and A Streets in Fort Smith is connected to police headquarters. On July 25, 1969, about 10:03 P.M. the burglar alarm sounded. Officer J. W. Gilbreath arrived two minutes after the alarm went off. From

where he stationed himself outside the building he could see the office door. He noticed the door open slightly and then close. Officers Charles J. Thomas and Lawrence Tidwell were up on the building's roof at the time Gilbreath was making his observation. The officers then shouted for whoever was in the office to come out. Appellant came out of the building and started walking toward the back of the building where it was dark, but turned around and came to the door as instructed after the officers pulled their revolvers and threatened to shooot. The officers again yelled for anyone inside to come out and then appellant's co-defendant George Ross appeared.

The officers testified that one had to open the office door inside the building to trip off the burglar alarm. They observed that the cold drink machine inside the building had been forceably opened with some sort of tool, the office door had been pried open and several file cabinets had been pried open and the contents spilled all over the floor. Further examination showed that the outside south door, which had been locked on the outside with a hasp and lock had been pried open. At this time officer Gilbreath told his fellow officers they should check the area for an automobile and a possible look-out. At that point appellant Flurry volunteered that a search of the area wouldn't do the officers any good because Flurry and Ross were on that job by themselves.

Officer Tidwell in searching Flurry found some dimes but did not know the amount thereof.

Officer Odell Davis testified that while appellant and Ross were in the "run-a-round"—i. e., a small barred enclosure adjacent to the elevator, Ross said to Flurry, "If we hadn't been in Moffett and got drunk, they'd never caught us." Davis said that Flurry replied, "This'll learn you, damn you, not to steal."

Ross testified in his own behalf that he and Flurry got together at a beer tavern in Moffett, Oklahoma,

and left Moffett because they ran out of money. Somebody took them to Ross's sister's house in Fort Smith where they got five dollars. While walking back to Moffett they passed the Star Towel and Linen Company about a mile and a half from his sister's house and entered through an open door to get a drink. While they were looking for the water fountain the officers came up.

We find that there is ample evidence to substantiate the jury's findings. Consequently we find no merit in appellant's contentions that the findings and sentence are not supported by the law or the evidence or that there is no evidence from which a jury could infer the requisite felonious intent.

Mr. Odis Harris, Sr., Circuit Clerk of the Twelfth Judicial District, testified at the hearing on the habitual criminal charge. He testified that his record showed two felony convictions of appellant Flurry in 1960 and four felony convictions in 1963. We find nothing in this testimony to support appellant's contention that this evidence was contradictory, unclear and confusing so as to allow the jury to speculate as to the number of previous convictions.

Affirmed.