FRED V. CASSADY *v.* STATE OF ARKANSAS

5557                                    463 S. W. 2d 96

Opinion delivered February 15, 1971

*Monroe L. Bethea,* for appellant.

*Joe Purcell,* Attorney General; *Garner L. Taylor, Jr.,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Appellant Fred V. Cassady seeks reversal of the circuit court's denial of his petition for postconviction relief. He asserted there and here that he was denied due process and equal protection of law because:

1. he was not indicted by a grand jury for the crimes for which he was sentenced;

2. his trial followed upon an illegal arrest;

3. he was not afforded adequate and effective assistance of counsel.

He also contends that he was denied constitutional rights against self-incrimination by interrogation by the court upon the hearing of both the petition for revocation of suspension of his sentence and his petition for postconviction relief.

We find no error.

Lack of grand jury indictment was not asserted in appellant's petition to the trial court. We will not entertain any ground for reversal that was not an issue in the trial court. *Kozal* v. *State,* 248 Ark. 214, 451 S. W. 2d 224; *Petty* v. *State,* 245 Ark. 808, 434 S. W. 2d 602; *Heath* v. *State,* 207 Ark. 425, 181 S. W. 2d 231. Furthermore, appellant's own petition alleges that his

prosecution was founded upon information filed by the prosecuting attorney. It has been held in cases too numerous to cite that this procedure does not violate either state or federal constitutional requirements. See, e. g., *Davis* v. *State,* 246 Ark. 838, 440 S. W. 2d 244.

Even if his arrest was illegal, appellant was not relieved from trial upon a charge duly made or entitled to release if he was guilty. *Perkins* v. *City of Little Rock,* 232 Ark. 739, 339 S. W. 2d 859. No assertion is made that any evidence obtained as a result of an illegal arrest was offered against appellant at any time.

Appellant's contention that he was denied adequate and effective assistance of counsel is based upon his assertion that his counsel at the hearing at which the suspension of his sentence was revoked, had a conflict of interest. This argument is based upon the attorney's simultaneous representation of appellant's wife in a suit against him for divorce. The record discloses that the same attorney had represented Cassady when the circuit court suspended his sentences and placed him on probation. The record discloses that at the revocation hearing appellant voluntarily stated, without being interrogated on the subject, that he and his wife were "getting a divorce this morning." It is inconceivable that appellant could have been unaware of the identity of the attorney representing his wife in that proceeding, as he alleges in his petition. He certainly offered no evidence to sustain this allegation. He made no representation or objection to the trial court relative to this conflict at that time. His belated complaint is unworthy of consideration under these circumstances.

Appellant's point with reference to interrogation by the court at his revocation hearing cannot be considered because the court's inquiries at both hearings were made and answered without any objection whatever. *Bivens* v. *State,* 242 Ark. 362, 413 S. W. 2d 653; *Carter* v. *State,* 230 Ark. 646, 326 S. W. 2d 791; *McDonald* v. *State,* 160 Ark. 185, 254 S. W. 549. Furthermore, the inquiries related, for the most part, to a confirmation by appellant of the court's previous action

in his cases. The only remaining inquiry was whether appellant had violated the terms of his probation. In view of appellant's voluntary declaration that he deserved to be sentenced and wanted "to get it over with," we cannot see how these inquiries could have violated any of appellant's rights, in any event.

The judgment is affirmed.