LESTER EARL RIMES *v.* STATE OF ARKANSAS

5658                                    474 S.W. 2d 115

Opinion delivered December 20, 1971

*William C. McArthur,* for appellant.

*Ray Thornton,* Attorney General; *John D. Bridg-forth,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Appellant argues two points for reversal of his sentence under the habitual criminal act. We affirm because we find no merit in either contention.

Appellant's initial contention is that the circuit court followed an erroneous procedure in permitting the jury to first consider only the question of his guilt or innocence of the crime for which he was on trial, and, after finding him guilty, to determine his sentence only after hearing evidence of previous convictions. He relies upon *Miller v. State,* 239 Ark. 836, 394 S. W. 601, decided October 18, 1965, which prescribed a different

procedure. The General Assembly promptly changed that procedure by Act 639 of 1967 [see Ark. Stat. Ann. § 43-2330.1 (Supp. 1969)]. We have held that the procedure followed in this case was proper and in accord with this statute. *Ridgeway* v. *State*, 251 Ark. 157 (1971), 472 S. W. 2d 108.

Appellant then urges that the circuit court erroneously admitted evidence of previous convictions because the authentication certificate relating to records of alleged previous convictions identified the person convicted as Lester *Ease* Rimes while he was charged in this case as Lester Earl Rimes. The circuit judge stated that the records accompanying the questioned authentication certificates showed that the judgments of conviction were against Lester Earl Rimes.

We find no reversible error in the admission of this evidence, under these circumstances. This court has held that insertion or omission of a middle initial is immaterial and that a wrong letter may be stricken or disregarded, because the law knows but one Christian name. *State* v. *Smith*, 12 Ark. 622, 56 Am. Dec. 287. While this rule has been held inapplicable where an initial only is used in lieu of the first or Christian name, particularly where there are other persons in the area who have similar names, its efficacy has not otherwise been questioned. See *Garner* v. *Cluck*, 209 Ark. 912, 193 S. W. 2d 661.

Courts ordinarily apply the principle that a middle name or initial is immaterial unless a material issue of identity is raised. See Annot., 15 A. L. R. 3d 968, 974 (1967). Identity of name is prima facie evidence of identity of person, but if appellant was not the person referred to in the record introduced, he was free to offer evidence to that effect. *Higgins* v. *State*, 235 Ark. 153, 357 S. W. 2d 499. Since he did not do so, we cannot say that the evidence of these convictions was not sufficient to support the jury's finding. *Henson* v. *State*, 248 Ark. 992, 455 S. W. 2d 101.

The judgment is affirmed.