DIANE A/K/A VEDA MAE SLITTER *v.* ANDREW J.
PONDER

5-5854                                                   479 S.W. 2d 567

Opinion delivered May 1, 1972

*Jackson County Legal Services, Inc.* and *Monroe L.
Bethea,* for petitioner.

*Ray Thornton,* Atty. Gen., by: *David Hodges,* Pros.
Atty., and *Gene O'Daniel,* Asst. Atty. Gen., for respondent.

LYLE BROWN, Justice. Petitioner was charged in the
Newport Municipal Court with the offense of disturbing
the peace. She filed a motion to quash the affidavit for
warrant of arrest and the warrant itself. The motions
were overruled and she was convicted. She appealed to
the Jackson County Circuit Court where she renewed her
motions to quash. When they were overruled she filed
in this court her petition for a writ of prohibition. Pro-
hibition does not lie unless the court is wholly without
jurisdiction of the subject matter, or where there is no
adequate remedy by appeal or otherwise. *State ex rel
Purcell* v. *Nelson,* 246 Ark. 210, 438 S.W. 2d 33 (1969).

The jurisdiction of the respondent to try the accused was not affected by any deficiency in the affidavit for warrant or the warrant itself. *Cassady* v. *State*, 249 Ark. 1040, 463 S.W. 2d 96 (1971); *Estes* v. *State*, 246 Ark. 1145, 442 S.W. 2d 221 (1969); *Perkins* v. *City of Little Rock*, 232 Ark. 739, 339 S.W. 2d 859 (1960). Finally, it cannot be questioned that petitioner, had she been convicted in circuit court, would have had a right to appeal.

We have not overlooked the citations of authority from federal jurisdictions. They deal mostly with search warrants. Others interpret the federal rules of criminal procedure. We are convinced that our cited holdings are not repugnant to any decision of the United States Supreme Court.

Petition denied.