JAMES ELLINGBURG *v.* STATE OF ARKANSAS

CR 73-11 492 S.W. 2d 904

Opinion delivered April 9, 1973

201

Apellant, Pro Se.

*Jim Guy Tucker,* Atty. Gen., by: *Gene O'Daniel,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Appellant was arrested on the night of July 7, 1972, and charged on July 17, 1972, by information, with the crimes of burglary and larceny and, on September 11, 1972, with being a habitual criminal, by an amended information. The original information alleged that appellant did break and enter the home of his sister, Oneida Rogers, on July 7, 1972, and steal a Hiatachi Color Television, the value of which was in excess of $35.00. The amended information added the allegation that appellant had seven previous felony convictions, thus subjecting him to the habitual criminal statute. He was found guilty on September 18, 1972. Pun-

ishment was assessed at 31½ years' imprisonment, the maximum allowable under the habitual criminal act. Ark. Stat. Ann. §§ 43-2328, et seq. (Supp. 1971).

Consideration of this appeal has been considerably complicated by appellant's refusal of the services of appointed counsel in abstracting and briefing the case. He has not only elected to file his own brief, but has insisted upon doing so. Consequently, the arguments in his brief are somewhat confused and greatly confusing. We have endeavored as best we could to determine just what arguments made by appellant are applicable to the points he asserts for reversal. He has stated his points relied upon as follows:

I. To best of appellant's knowledge and belief, an affidavit of probable cause to arrest was not obtained prior to arrest as required by law.

II. That the bench warrant was defective on its face.

III. Unreasonable and unnecessary delay in arraignment.

IV. Sequester of amended information in No. 10,808 by the State.

V. Trial without arraignment on habitual criminal accusation.

VI. Use of prior invalid convictions in habitual criminal proceedings.

VII. Suppression of evidence by the prosecution favorable to appellant.

VIII. Denied a fair and impartial jury trial.

IX. Inadequate psychiatric determination of competency.

X. Trial court prejudice, biased, and discriminating, and arbitrary towards appellant for causes shown in appellant's argument hereinafter.

Although appellant assigns 10 points as error, numerous other contentions are raised. We find no reversible error. In the course of this opinion, we will find it necessary to treat appellant's arguments advanced rather than his points for reversal as he has stated them, because of inartistic or inadequate statement of the points or because the arguments made are not really pertinent to the points under which they are advanced. We shall discuss the arguments as we understand them.

## I.

Appellant's contention that no affidavit for probable cause was obtained prior to arrest must fail because of the longstanding rule that neither an affidavit of probable cause nor a warrant need be obtained when an arrest is made pursuant to Ark. Stat. Ann. §43-403 (Repl. 1964). That section provides, in essence, that a warrantless arrest may be made by a police officer when there are reasonable grounds to believe the person arrested has committed a felony. *Jones* v. *State,* 246 Ark. 1057, 441 S.W. 2d 458; *Henson* v. *State,* 239 Ark. 727, 393 S.W. 2d 856. We find ample evidence in the record to support a finding that there were reasonable grounds.[1] The arresting officer testified about the condition of the complainant's home, her statements that the television set had been stolen, a pawn ticket representing the television set, which had been issued to James Ellingburg, and which had been acquired by another officer, and identity of the serial number of the television set at the pawn shop with that of the complainant's. The fact that appellant was acquitted of the crime of burglary is immaterial as is the fact that another officer was involved in the pawn shop investigation. In *Jones* v. *State,* supra, we stated:

> Probable cause is to be evaluated by the courts on the basis of the collective information of the police (which may consist partially of hearsay) rather than that of only the officer who performs the act of arresting. *Smith* v. *United States,* 358 F. 2d 833 (D.C. 1966),

---

[1] "Reasonable grounds" has been treated as virtually synonymous with the probable cause requirement of the Fourth and Fourteenth Amendments. *Johnson* v. *State,* 249 Ark. 208, 458 S.W. 2d 409. See also, *Smith* v. *State,* 241 Ark. 958, 411 S.W. 2d 510.

*cert. denied,* 386 U.S. 1008. See also *State* v. *Fioravanti,* 46 N.J. 109, 215 A. 2d 16 (1965); *United States* v. *Ventresca,* 380 U.S. 102, 85 S. Ct. 741, 13 L. Ed. 2d 684. Information coming to officers must rise above mere suspicion of criminal activity in order to constitute probable cause for an arrest, but it need not be tantamount to that degree of proof sufficient to sustain a conviction. *Clay* v. *United States,* 394 F. 2d 281 (8th Cir. 1968), *cert. denied,* 393 U.S. 926; *Reed* v. *United States,* 401 F. 2d 756 (8th Cir. 1968). See also *Smith* v. *State,* 241 Ark. 958, 411 S.W. 2d 510.

In connection with this point appellant also contends that error was committed because he was not afforded a preliminary hearing. Arkansas Statutes Annotated § 43-601 (Repl. 1964) provides for a preliminary examination when an arrest has been made without a warrant, but we have uniformly held this statute to be directory only and not mandatory. *Mitchell* v. *Bishop,* 248 Ark. 427, 452 S. W. 2d 340; *Jones* v. *State,* supra; *Paschal* v. *State,* 243 Ark. 329, 420 S.W. 2d 73.

## II.

The contention that the bench warrant was defective on its face must fail. The bench warrant is not in the record, and its specific defects are not pointed out by appellant. Even if we could say that it was defective, no objection to it was made by the defendant in the trial court. When a defendant announces ready for trial without having made any objection to the warrant, any defect therein is waived. *Slitter* v. *Ponder,* 252 Ark. 414, 479 S.W. 2d 567; *Cassady* v. *State,* 249 Ark. 1040, 463 S.W. 2d 96; *Estes* v. *State,* 246 Ark. 1145, 442 S.W. 2d 221. See also, *Sewell* v. *United States,* 406 F. 2d 1289 (8th Cir. 1969); *Frisbie* v. *Collins,* 342 U.S. 519, 72 S. Ct. 509, 96 L. Ed. 541 (1952). Even the absence of a warrant would not be ground for reversal or appellant's release. *Cassady* v. *State,* supra; *Coger* v. *City of Fayetteville,* 239 Ark. 688, 393 S.W. 2d 622.

## III.

Under this point, several grounds for reversal are argued by the appellant. All of them deal with various

alleged delays, which he now says were prejudicial to him, and other contentions relevant to the alleged delay. Appellant declares that his stay in the Miller County jail from his arrest on July 8, 1972, until trial on September 18, 1972, was due to unlawful delay in the issuance of a bench warrant, information, arraignment and appointment and presence of counsel. Specifically, the bench warrant was not issued until July 18, 1972, on information filed July 17. The information was amended September 11, 1972. The arraignment was held on August 28, 1972, after appointment of counsel on August 10 or 11, 1972. Appellant concludes that these delays were "unnecessary and unreasonable," and they denied him the effective assistance of counsel.

The first conclusion is without merit since we cannot discover any constitutional or statutory ground as a basis for relief, and appellant neither objected in the trial court, gave any authority for the proposition that a 70-day period between arrest and trial is reversible error, nor demonstrated prejudice in any manner resulting from this "delay." Appellant apparently confuses the rights to speedy trial under the Sixth and Fourteenth Amendments to the Federal Constitution and Art. 2, Sec. 10 of the Arkansas Constitution and Ark. Stat. Ann. §§ 43-1708, 1709 (Repl. 1964), setting forth outside limits in which defendants must be brought to trial, with the speedy arraignment (McNabb-Mallory)[2] rule under the Federal Rules of Criminal Procedure.

The case of *Randall* v. *State,* 249 Ark. 258, 458 S.W. 2d 743, contains a complete answer to the speedy trial contentions appellant has raised. There we said:

Appellant relies upon Ark. Stat. Ann. § 43-1708 (Repl. 1964) which provides:

If any person indicted for any offense, and committed to prison, shall not be brought to trial before the end of the second term of the court having jurisdiction of the offense, which shall be held after the finding of such indictment, he shall be dis-

---

[2]*McNabb* v. *United States,* 318 U.S. 332, 63 S. Ct. 608, 87 L. Ed. 819 (1943); *Mallory* v. *United States,* 354 U.S. 449, 77 S. Ct. 1356, 1 L. Ed. 2d 1479 (1957).

charged so far as relates to the offense for which he was committed, unless the delay shall happen on the application of the prisoner.

This section implements Ark. Const. Art. 2, § 10, which guarantees a speedy trial in criminal cases. The right, however, is not in itself absolute. It prohibits oppressive delays, but not at the expense of public justice. *Merritt* v. *State*, 244 Ark. 921, 428 S.W. 2d 66 (1968). Over a century ago, this court observed in *Stewart* v. *State*, 13 Ark. 720 (1853):

> By a speedy trial, is then intended, a trial conducted according to fixed rules, regulations, and proceedings of law, free from vexatious, capricious, and oppressive delays, manufactured by the ministers of justice.

\* \* \*

What constitutes a speedy trial must be determined from the varying circumstances of each particular case with reference to the practical and efficient operation of the law. In this perspective, then, a speedy trial may be viewed as a matter of judicial discretion.

As to the McNabb-Mallory plea on the appellant's part, we have long held this provision inapplicable to Arkansas Criminal Procedure. See *Mitchell* v. *Bishop,* supra; *State* v. *Browning,* 206 Ark. 791, 178 S.W. 2d 77; *Hall* v. *State,* 209 Ark. 180, 189 S.W. 2d 917.

The denial of the effective assistance of counsel allegedly suffered by appellant relates to matters occurring prior to trial. Appellant makes no claim that he was inadequately represented at trial. In his arguments, appellant does not relate any actions or omissions on the part of his attorney in improperly representing him, but argues some abstract underrepresentation simply because of the alleged delay. Since no continuance was sought or objection made, and appellant has failed to point out any prejudice to him as a result of delay in bringing him to trial, we cannot consider this issue to have any merit. Appellant is saying on the one hand that the state

waited too long to bring him to trial and on the other that the state did not afford appellant ample time to prepare his case. We are unable to harmonize appellant's inconsistent contentions, but we find no suggestion of prejudice to appellant's having a fair trial. Appellant himself says that he declined to make statements to police officers in the absence of counsel, when counsel had not been assigned.

## IV.

By an addendum to his brief, appellant states that neither he nor his attorney was furnished with a copy of the original information before his arraignment, or of the amended information prior to trial. The only statutory requirement that a copy of the indictment or information be furnished to a defendant is Ark. Stat. Ann. § 43-1204 (Repl. 1964), which applies only to capital cases.

## V.

The contention made here is that since the amended information under which he was eventually tried was filed subsequent to his formal arraignment, appellant was tried as a habitual criminal without having been formally arraigned on that charge. When a defendant appears and announces ready for trial, he waives formal arraignment. *Hill* v. *State,* 251 Ark. 370, 472 S.W. 2d 722; *Ransom* v. *State,* 49 Ark. 176, 4 S.W. 658; *Moore* v. *State,* 51 Ark. 130, 10 S.W. 22; *Hayden* v. *State,* 55 Ark. 342, 18 S.W. 239. See also, *Davidson* v. *State,* 108 Ark. 191, 158 S.W. 1103, Ann. Cas. 1915B 436. Failure to arraign is not reversible error if the record shows defendant has received every right he would have received if arraigned. *Hobbs* v. *State,* 86 Ark. 360, 111 S.W. 264. Such is the case here. Furthermore, no objection was raised at any time to this alleged omission, and appellant did not then, and does not now, contend that he was surprised by the charge or inhibited in his defense in any way by reason of not having been formally arraigned on this charge.

Appellant also challenges, under this point, the use of an information rather than a grand jury indictment for purposes of charging him with the alleged crimes.

This is, of course, without merit. Amend. 21, Constitution of Arkansas; Ark. Stat. Ann. § 43-806 (Repl. 1964); *Davis v. State,* 246 Ark. 838, 440 S.W. 2d 244, cert. denied, 403 U.S. 954, 91 S. Ct. 2273, 29 L. Ed. 2d 865 (1971); *Stewart* v. *State,* 241 Ark. 4, 406 S.W. 2d 313, cert. denied, 386 U.S. 946, 87 S. Ct. 983, 17 L. Ed. 2d 877 (1967); *Smith* v. *State,* 194 Ark. 1041, 110 S.W. 2d 24. See also, *Penton* v. *State,* 194 Ark. 503, 109 S.W. 2d 131.

## VI., VII., VIII.

All of these points concern the validity of appellant's conviction as a habitual criminal. The amended information charges seven previous convictions. The record discloses that Morris Haak, Circuit Clerk of Miller County, testified as to one prior conviction for grand larceny, three prior convictions for forgery, and three prior convictions for uttering. A certified copy of one prior federal conviction, for possession of stolen mail in violation of 18 U.S. C. § 1708 (a) (2) (1964), was also introduced in evidence. The record also affirmatively discloses that in each of these convictions appellant was represented by counsel.

However, under point VI appellant contends that certain prior convictions, which were invalid because he was not represented by counsel, were introduced by the state and thus rendered his conviction as a habitual criminal void. The convictions involved occurred in 1955 for grand larceny. However, even assuming they are void, as we recognized in *Wilburn* v. *State,* 253 Ark. 608, 487 S.W. 2d 600, they do not necessarily change the result reached in the lower court for several reasons. First, these convictions were not offered in evidence in support of the habitual criminal charge, but were merely brought out on cross-examination by the prosecuting attorney for impeachment of appellant when he took the stand in his own behalf. Ark. Stat. Ann. § 28-707 (Repl. 1962); *Noyes* v. *State,* 161 Ark. 340, 256 S.W. 63. Second, no objection of any kind to this cross-examination was made in the trial court. Third, under *Wilburn* v. *State,* supra, this court on appeal from a conviction under the habitual criminal act may reduce a sentence when void convictions introduced have the effect of causing an illegal

sentence to be imposed. The eight valid prior convictions are more than ample to support the lower court judgment as to the habitual criminal conviction. Appellant now contends that his guilty pleas on two of the convictions on which the state relied were coerced. We find no objection to the evidence in the trial court on this ground, and appellant cannot raise this question for the first time on appeal.

Appellant's point VII concerns the refusal of the trial court to accept the testimony of appellant as to the circumstances of the prior convictions and the rationale for defendant's plea of guilty in the state convictions. No offer of proof was made, and we do not understand appellant's present contentions to be anything other than an attempt to retry the earlier cases, which is certainly not permissible.

We have held that the testimony of the circuit clerk as to the contents of the official records is sufficient evidence to support a habitual criminal conviction. *Flurry* v. *State*, 248 Ark. 722, 453 S.W. 2d 402. There is no indication that the prosecution suppressed any evidence. Appellant's only charge in that respect is based upon the prosecuting attorney's objection to appellant's attempt to testify as to defenses to these previous charges.

Under point VIII appellant claims that since the same jury found him guilty of the larceny charge and the habitual criminal charge, he was denied a fair and impartial jury in the latter instance. We do not agree. The procedure employed by the court in immediately submitting the habitual criminal charge to the jury which found appellant guilty of larceny is required by Ark. Stat. Ann. § 43-2330.1 (Supp. 1971). We have recognized the validity of this procedure and the habitual criminal act previously and this contention is without merit. *Ridgeway* v. *State*, 251 Ark. 157, 472 S.W. 2d 108; *Brown* v. *State*, 252 Ark. 846, 481 S.W. 2d 366; *Poe* v. *State*, 251 Ark. 35, 470 S.W. 2d 818. See also, *Rimes* v. *State*, 251 Ark. 678, 474 S.W. 2d 115.

## IX.

Appellant makes several contentions regarding his

pretrial psychiatric examination, however, we can consider none of these asserted points of error. No defense of insanity was raised at the trial, and no objection was then raised, either to the report of the psychiatric examination made or to the absence of a report thereon at the time of the trial.

## X.

We have carefully examined the record and briefs in this case, and cannot find any instance of arbitrary or discriminatory actions on the part of anyone connected with appellant's trial. He contends the prosecutor and the judge were out to "get him" because of pending civil actions on his part against them. The record reflects no such arbitrary actions. We have carefully considered all the points raised and arguments made by appellant and find none to have merit.

In his brief, appellant makes a sweeping allegation that the trial court and the prosecuting attorney and his deputy were biased and prejudiced against him and discriminated against him in his trial. He now alleges that the circuit judge was prejudiced against him, partially because the judge, when he was prosecuting attorney, had filed felony charges against appellant. Yet we find no suggestion of the judge's disqualification in the trial court and this argument comes too late, even if it had merit. We find no indication that the judge took any improper action prejudicial to the defendant in the case or that he gave any evidence of this alleged prejudice during the trial. See *Walker* v. *State*, 241 Ark. 300, 408 S.W. 2d 905.

There appears in the record a letter from appellant waiving representation of counsel on appeal. As stated in *Widmer* v. *Modern Ford Tractor Sales*, 244 Ark. 696, 426 S.W. 2d 806, "We recognize a litigant's right to attempt his own representation in the courts of this state under our code of practice, but regardless of the amount in controversy or the merits of a litigant's cause, we know of no way to protect a litigant against the incompetency of his attorney when he insists on representing himself in a court of law."

The judgment is affirmed.