LARRY BURNS *v.* BRADLEY COUNTY CIRCUIT COURT AND HONORABLE G. B. COLVIN, JR., JUDGE THEREOF

CR 73-30                                        494 S.W. 2d 120

Opinion delivered May 14, 1973

*Huey & Vittitow,* for petitioner.

*Jim Guy Tucker,* Atty. Gen., by: *James W. Atkins,* Asst. Atty. Gen., for respondents.

J. FRED JONES, Justice. On July 23, 1971, Larry Burns was charged with the crime of arson by information filed by the prosecuting attorney in the Bradley County Circuit Court. He invokes the original jurisdiction of this court under Art. 7, § 4, of the state Constitution by a petition for a writ of prohibition directed to the Bradley County Circuit Court prohibiting that court from putting him to trial on the charge against him.

Burns contends that three terms of the Bradley County Circuit Court have expired since information was filed against him; that he has been denied his constitutional rights to a speedy trial and is now entitled to discharge under Ark. Stat. Ann. § 43-1708 (Repl. 1964). Apparently the petitioner was held to bail and if so, Ark. Stat. Ann. § 43-1709 (Repl. 1964) rather than § 43-1708 would apply. These two sections of the statute read as follows:

> "43-1708—If any person indicted for any offense, and committed to prison, shall not be brought to trial before the end of the second term of the court having jurisdiction of the offense, which shall be held after the finding of such indictment, he shall be discharged so far as relates to the offense for which he was committed, unless the delay shall happen on the application of the prisoner.

> 43-1709—If any person indicted for any offense, and held to bail, shall not be brought to trial before the end of the third term of the court in which such indictment is pending, which shall be held after the finding of such indictment, and such holding to bail on such indictment, he shall be discharged, so far as relates to such offense, unless the delay happened on his application."

The terms of the Bradley County Circuit Court commence on the first Monday in February and second Monday in September each year. Ark. Stat. Ann. § 22-310 (Repl. 1962). The petitioner's trial was set for April 12, 1973, so whether the petitioner was held in prison or committed to bail, the designated terms had expired on February 5, 1973, when he filed a motion in the trial court to dismiss the charges filed against him.

It will be noted that under §§ 43-1708—1709, *supra*, the accused is entitled to discharge upon the expiration of the terms indicated *unless the delay happened on his application*. In overruling the petitioner's motion to dismiss, the trial court found "the defendant has caused the delay of the trial of this cause by reason of filing motions to which the state has responded."

It would serve no useful purpose to set out the various motions filed by the petitioner but between July 27, 1971, and November 2, 1972, he filed seven motions and supplements thereto primarily for bills of particulars. The one filed on November 2, 1972, was designated "Motion to Suppress" in which he prayed for an evidentiary hearing. The last paragraph of this motion reads as follows:

"Wherefore, for reasons stated herein, the Defendant, Larry Burns, prays this Court grant him an evidentiary hearing of the matters set out herein *and that he not be put to trial until after these matters have been determined by this honorable Court.*" (Emphasis added).

Whether the delay under §§ 43-1708—1709, *supra,* happens on the application of the prisoner or person indicted, is a question of fact for determination by the trial court and is not a proper matter for the exercise of the original jurisdiction of this court through writ of prohibition. In *Jones* v. *Coffin,* 96 Ark. 332, 131 S.W. 873, we said:

"The writ of prohibition 'is never granted unless the inferior tribunal has clearly exceeded its authority, and the party applying for it has no other protection against the wrong that shall be done by such usurpation.' *Russell* v. *Jacoway,* 33 Ark. 191."

See also *Kastor* v. *Elliott,* 77 Ark. 148, 91 S.W. 8; *Crowe* v. *Futrell,* 186 Ark. 926, 56 S.W. 2d 1030. For our latest word on this point see *Slitter* v. *Ponder,* 252 Ark. 414, 479 S.W. 2d 567.

The petition is denied.