Fred Lee ORR *v.* STATE of
Arkansas

CR 74-13                              508 S.W. 2d 731

Opinion delivered May 13, 1974

*Charles A. Banks,* Public Defender, for appellee.

*Jim Guy Tucker,* Atty. Gen., by: *Alston Jennings, Jr.,* Asst. Atty. Gen., for appellee.

LYLE BROWN, Justice. Appellant was convicted in 1972 of assault with intent to kill and sentenced to twenty-one years. From a denial of any relief under his Rule I petition he appeals.

Appellant first contends it was error not to give him a preliminary hearing. Ark. Stat. Ann. § 43-601 (Repl. 1964).

We have many times held the statute granting a preliminary hearing in a case of arrest without a warrant is directory and not mandatory. *Ellingburg* v. *State*, 254 Ark. 199, 492 S.W. 2d 904 (1973). Furthermore, appellant does not allege any prejudice.

He next contends he was arrested without a warrant. Such an arrest is proper when there are reasonable grounds for believing a felony has been committed. Ark. Stat. Ann. § 43-403 (Repl. 1964). Appellant readily admitted he committed the homicide so the officer certainly had reasonable grounds to make the arrest without a warrant. Also, appellant went to trial without making known his objection; that fact constituted a waiver. *Ellingburg* v. *State, Supra.*

Finally appellant urges he had ineffective assistance of counsel. Appellant does not set out specific allegations. He makes the conclusionary statement that the attorney did not handle the case to the best of his ability, and "I can tell when a person is really trying and when he isn't". Attorney Dan Burge is a respected member of the Blytheville bar and has been so for more than twenty years. Although his work is primarily in the civil field he said he had been appointed in "from six to ten criminal cases a year since I have been practicing". He conceded he was not entirely happy about representing appellant under court appointment. That was because the appellant while out on bond had a steady job for several months. Nevertheless, Burge testified that he represented appellant, and free of charge, to the best of his ability. He said he had eight days in which to get ready for trial. The attorney obtained from the police department the complete file on appellant's investigation. He said he went over the whole file with appellant and issued subpoenas for four witnesses. He said he was as well prepared under the circumstances of the case as he would ever have been. He said appellant admitted the killing but insisted on claiming self-defense, which defense the attorney felt to be very weak. The record is completely void of any evidence that appointed counsel failed to meet the standards set out in *Franklin* v. *State*, 251 Ark. 223, 471 S.W. 2d 760 (1971).

Affirmed.

FOGLEMAN, J., not participating.