Willie Lee SINGLETON *v.* STATE of Arkansas

CR 74-38                                    510 S.W. 2d 283

Opinion delivered June 17, 1974

*Harold L. Hall,* Public Defender, by: *Garner L. Taylor, Jr.,* Deputy Public Defender, for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *O. H. Hargraves,* Dep. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. At a jury trial held on October 28 and 29, 1965, Willie Lee Singleton was found guilty of first degree murder and was sentenced to life imprisonment. In March, 1973, he filed a Rule 1 Petition for postconviction relief. At the ensuing evidentiary hearing Singleton was represented by a deputy public defender. After hearing the testimony the trial judge filed findings of fact and

conclusions of law denying the petition. The only contention for reversal is the asserted ineffectiveness of Singleton's appointed attorneys at the original trial.

Singleton was then represented by E. V. Trimble and Allan Dishongh, both of whom were experienced in the trial of criminal cases. Trimble died before the present proceeding was initiated. The only two witnesses at the hearing below were Singleton and Dishongh. Upon their testimony we cannot say that the trial judge's findings and conclusions are not supported by substantial evidence.

It is first argued that the attorneys' preparations for trial were inadequate. Upon this point Singleton testified that he talked to his attorneys only once before the trial, for about an hour. Dishongh stated that he did not go to the scene of the crime. In some circumstances those two statements might indicate insufficient preparation for trial, but no such conclusion is necessarily indicated in this case. The petitioner, at the hearing below, had the burden of proof, but he offered almost no details about the homicide of which he was found to have been guilty. Consequently we have no facts to aid us in determining whether counsel were at fault in not conferring more extensively with their client or in not examining the scene of the crime. We certainly cannot hold that counsel's preparations for trial were insufficient as a matter of law; so this argument fails.

A second contention is that counsel failed to raise certain issues at the trial. Much stress is placed upon the attorneys' apparent failure to challenge the officers' probable cause for arresting Singleton. That omission, if it occurred, is immaterial. The court's jurisdiction to try the accused does not depend upon the validity of the arrest *Slitter* v. *Ponder,* 252 Ark. 414, 479 S.W. 2d 567 (1972); *Cassady* v. *State,* 249 Ark. 1040, 463 S.W. 2d 96 (1971). It goes almost without saying that a defendant, after having been fairly tried in a court of competent jurisdiction and found guilty of murder. is not entitled to be set free on the basis of some flaw in the manner of his arrest.

It is also insisted that counsel culpably failed to request a *Denno* hearing upon the voluntariness of Singleton's confes-

sion. Again, we would have to speculate to conclude that this point has merit. Singleton did not say that he had not been given such a hearing. His statement was: "Well, it's been so long I can't remember now. I don't think I did." He did remember, however, that he had testified on the witness stand that he had been beaten (by the officers). We have held that a defendant may acquiesce in a hearing before the jury rather than in chambers, concerning the validity of a confession. *Hill* v. *State,* 250 Ark. 812, 467 S.W. 2d 179 (1971). Hence the present record does not justify us in finding that the attorneys' course of action was demonstrably ineffective.

Finally, it is insisted that Singleton's counsel were at fault in not taking an appeal from the original conviction. Singleton testified that he asked Trimble to appeal, but it is of some significance that he did not make that assertion until after Trimble's death. Dishongh testified that he did not believe that Singleton ever asked him to appeal the case. "If he had, I think I would have. I think we would have found some way to do it. If he asked Mr. Trimble, I don't know."

The trial judge, having observed the witnesses as they testified, found no basis for granting relief. We are not in a position to say that he was wrong. Indeed, such a declaration would mean that any prisoner whose conviction had not been appealed would be able, after the death of his attorney, to obtain a new trial simply by saying that his request for an appeal had not been honored.

Affirmed.