PEOPLE v KELLEY

1. CRIMINAL LAW—EVIDENCE—RES GESTAE.

   The acts, conduct and demeanor of a person charged with a crime at the time of, or shortly before or after the offense is claimed to have been committed, may be shown as part of the res gestae.

2. CRIMINAL LAW—EVIDENCE—DRUNK DRIVING—SUFFICIENCY OF EVIDENCE.

   The question of whether sufficient evidence exists for a finding of driving under the influence of intoxicating liquors depends upon the facts of the individual case.

3. CRIMINAL LAW—EVIDENCE—AUTOMOBILES—DRUNK DRIVING—INFERENCES.

   The testimony of police officers that in their opinion a defendant was under the influence of alcohol more than one hour after he left the scene of an accident at which it was alleged he was intoxicated was properly admitted; such evidence is admissible but should be viewed in terms of its sufficiency.

4. INDICTMENT AND INFORMATION—ELEMENTS OF CRIME—LOCATION OF CRIME—DRUNK DRIVING.

   The exact location in a county where a defendant is alleged to have been driving under the influence of alcohol is not a material element of the crime, therefore a variance between an information and the proofs at trial, which does not mislead the defendant, is not material, and failure to submit evidence that the offense took place in the particular township named in the information does not constitute reversible error.

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence §§ 710, 716.
[2] 8 Am Jur 2d, Automobiles and Highway Traffic § 938.
[3] 7 Am Jur 2d, Automobiles and Highway Traffic § 331.
[4] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 312, 316.
[5] 7 Am Jur 2d, Automobiles and Highway Traffic § 253.
[6] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 17 *et seq.*

5. CRIMINAL LAW—DRUNK DRIVING—ELEMENTS OF OFFENSE.

> The elements of the offense of driving under the influence of intoxicating liquor are that (1) the defendant was under the influence of intoxicating liquor while driving (2) a vehicle on any highway or other place open to the general public (MCLA 257.625).

6. INTOXICATING LIQUORS—DRUNK DRIVING—THIRD OFFENSE—JURY—JURY PROCEDURE.

> A trial court did not abuse its discretion by permitting the same jury that found a defendant guilty of driving under the influence of intoxicating liquor to determine whether he was also guilty as a third offender (MCLA 257.625).

Appeal from Monroe, William J. Weipert, Jr., J. Submitted Division 2 February 4, 1975, at Lansing. (Docket No. 19210.) Decided April 7, 1975. Leave to appeal applied for.

Bryce Joseph Kelley was convicted as a third offender of driving while under the influence of intoxicating liquor. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *James Rostash,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Edward R. Wilson,* Director, of counsel, by *Aloysius J. Lynch,* Special Assistant Attorney General), for the people.

*Barbara, Wisok, Tavoularis, Ruby & Domol, P. C.,* for defendant on appeal.

Before: BASHARA, P. J., and R. B. BURNS and M. J. KELLY, JJ.

BASHARA, P. J. Defendant was convicted by a jury as a third offender of driving while under the influence of intoxicating liquor, in violation of MCLA 257.625; MSA 9.2325, and appeals.

On August 8, 1973, at approximately 10:40 p.m., defendant, while driving his automobile, struck

the rear end of a motor vehicle stopped for a red light at Telegraph and Monroe Streets in Monroe County. At trial two of the witnesses to the accident identified defendant. The only witness to speak with defendant at the scene testified that he was "a little incoherent". However, he did not face the witness during their short conversation. Before the police arrived, defendant fled by driving his car in an erratic manner on the shoulder of the road and running a red light. The departure occurred between 10:50 and 11 p.m.

At eleven, or shortly thereafter, another witness testified that he nearly collided with defendant, whose auto was weaving from one side of Grafton Road to the other. He then was seen turning onto Newport Road.

Two state troopers responding to an unrelated incident found defendant asleep in his automobile which was parked partially upon Newport Road near Grafton at about 11:30 p.m. Upon arousing defendant, the troopers noticed that he smelled of alcohol, his speech was slurred and his condition stupefied. They also observed that his automobile was damaged, and that he had a bump on his head. Defendant was taken into custody and transported to a nearby hospital.

After arriving at the hospital around midnight, defendant was thereafter turned over to Monroe County sheriff's deputies when a check revealed his involvement in the Telegraph Road accident. He was booked for the offense of driving under the influence of intoxicating liquor, but was not given a Breathalyzer test.

Numerous officers who observed and talked with defendant following his arrest testified that in their opinion defendant was under the influence of alcohol. Defendant did not testify or present testimony in his behalf.

Defendant first contends his conviction should be reversed because the evidence did not establish he was intoxicated at the scene of the accident as alleged in the information. Defendant argues the evidence, at best, showed he was intoxicated at a later time and at another place remote from the scene of the accident. He also avers the people must prove that he did not become intoxicated subsequent to the accident and that the testimony allowed into the evidence after defendant left the scene of the accident was inadmissible.

The prosecutor contends the testimony was a part of the res gestae and was thus properly admitted into evidence.

If we were only to view the testimony of the witnesses to the accident and exclude the police officers' testimony it would be true, as defendant contends, that as a matter of law there was insufficient evidence to sustain his conviction. However, we believe that the police testimony was admissible. In *People v Savage,* 225 Mich 84, 86; 195 NW 669 (1923), Justice SHARPE wrote:

"It is elementary that the acts, conduct and demeanor of a person charged with crime at the time of, or shortly before or after the offense is claimed to have been committed, may be shown as a part of the res gestae."

The above rule gives credence to the prosecutor's argument that the testimony of the officers was a part of the res gestae. There does not appear to be a Michigan case directly on point. However, a review of sister state decisions shows that an overwhelming number have placed the issue in terms of sufficiency of the evidence, and not on that of

admissibility.[1] The thread of these cases seems to indicate that whether sufficient evidence exists for a finding of driving under the influence in similar instances depends upon the facts of the individual case.

There is no absolute proof that defendant could not have had access to alcohol during the period between the accident and the arrest. However, it would offend common sense to conclude that there was an absence of sufficient evidence to enable the jury to draw the reasonable inference that defendant was under the influence of alcohol at the time he was involved in the accident.

Defendant next contends there was no testimony to prove that he drove his automobile while intoxicated in Frenchtown Township. He argues that because the information so alleged it was reversible error not to submit evidence that the crime took place in that particular township. We reject this argument. The information read in part that the defendant "did, unlawfully drive a certain motor vehicle * * * upon a public highway, to wit: North Telegraph Road, in the Township of Frenchtown, County of Monroe, State of Michigan, while he * * * was *then and there* under the influence of intoxicating liquor". (Emphasis supplied.)

*People v Livermore,* 9 Mich App 47, 58–59; 155 NW2d 711 (1967), stated, quoting from 42 CJS, Indictments and Informations, § 256, p 1276:

" 'Where an indictment [or information] alleges the particular place where an act took place, and such allegation is not descriptive of the offense, and is not required to be proved as laid in order to show the

---

[1] *See Perkins v City of Little Rock,* 232 Ark 739; 339 SW2d 859 (1960), *City of Mentor v Giordano,* 9 Ohio St 2d 140; 224 NE2d 343 (1967), *Butler v State,* 357 P2d 1034 (Okla Crim App 1960), *People v Miller,* 23 Ill App 2d 352; 163 NE2d 206 (1959).

court's jurisdiction * * * a variance which does not mislead accused * * * is not material.' "

The elements of the offense for which defendant is charged are that (1) defendant was under the influence of intoxicating liquor while driving, (2) a vehicle on any highway or any other place open to the general public.

It is essential to allege that defendant was driving under the influence of intoxicants on a highway; however the exact location as mentioned in the information is not a material element of the crime.[2] The variance between the information and the proofs at trial did not mislead the defendant. The exact place where defendant was driving, as long as it was in the same county, was surplusage. See *People v Hall,* 19 Mich App 95; 172 NW2d 473 (1969).

Defendant's next contention that the court abused its discretion by permitting the same jury that found defendant guilty of the principal charge to determine whether he was guilty of driving under the influence of intoxicating liquor as a third offender is meritless. This argument has been recently considered and rejected in *People v Bosca,* 25 Mich App 455; 181 NW2d 678 (1970). We therefore, find that trial court did not abuse its discretion in the procedure it used. Defendant's remaining assignment of error is without merit.

Affirmed.

---

[2] MCLA 767.45, MSA 28.985.