**STATE of Utah, Plaintiff and Respondent,**

v.

**Steven J. LAURSEN, Defendant and Appellant.**

**No. 15573.**

Supreme Court of Utah.

Sept. 12, 1978.

D. Sanford Jorgensen of Mooney, Jorgensen & Nakamura, Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Michael Deamer, Deputy Atty. Gen., William W. Barrett, Asst. Atty. Gen., Salt Lake City, Noall T. Wootton, Utah County Atty., Provo, for plaintiff and respondent.

PER CURIAM:

Laursen was given two 5-year concurrent sentences for homicide while driving under the influence of intoxicating liquor in a head-on collision with a motorcycle, killing two people. His blood-alcohol content reg-

istered .19 at the time of collision. He admitted drinking beer with friends. He showed up at a hospital two hours after the collision, after having left the scene of the incident. He said he had nothing to drink after the incident, and said he did not remember anything after the collision.

The trial court instructed the jury as to a presumption under the drunken driving statute [1] relating to drinking *prior* to the accident, but not as to drinking *after* the accident, and the appellant says this was error, which appears to be without merit after his affirmative admission that he had nothing to drink after the accident. No one asked for any instruction as suggested by Mr. Laursen on appeal, so this point on appeal fails.[2] Anyway, it would seem that Laursen's complete absence of memory after the incident could not be construed as a period in which his alcoholic blood content could have anything to do with mitigation of guilt. Other cases that seem to support such a conclusion were cited by the State.[3]

Laursen further says that the two sentences (concurrent) were error under 76–1–402, Utah Code Annotated, 1943:

> Separate offenses arising out of single criminal episode—Included offenses.—(1) A defendant may be prosecuted in a single criminal action for all separate offenses arising out of a single criminal episode; however, when the same act of a defendant under a single criminal episode shall establish offenses which may be punished in different ways under different provisions of this code, the act shall be punishable under only one such provision; an acquittal or conviction and sentence under any such provision bars a prosecution under any other such provision.

He cites several cases which are not pertinent save one, perhaps: *Ladner v. U. S.,*

358 U.S. 169, 79 S.Ct. 209, 3 L.Ed.2d 199, which we do not deem dispositive here.

The State is correct when it says that the sentencing, not objected to, is not to be raised as an issue for the first time on appeal. However, it suggests that there is no merit to the contention anyway, since there were two different acts, two deaths, and two penalties. The query needs no answer, it would seem, since the State points to *State v. Jones,* 13 Utah 2d 35, 368 P.2d 262, where we held that a judgment as to larceny committed during a burglary was affirmable based on the fact that there were two separate offenses.

MAUGHAN, J., concurs in result.

WILKINS, Justice (concurring in result with comments):

I concur in the result, adding these comments.

First, defendant was not arrested at the scene of the accident and his blood alcohol level was tested more than two hours later at a hospital. The expert testimony concerning the defendant's .19 blood alcohol content at the time of the accident was based on a .15 blood alcohol content measured at the hospital.

Second, I read Utah's criminal episode statute [1] differently from the main opinion. It states in relevant part:

> . . . however, when the *same* act of a Defendant under a single criminal episode shall establish offenses which may be punished in *different* ways under *different* provisions of this code, the act shall be punishable under only one such provision. [Emphasis added.]

In this case defendant committed only one *act* (i. e., while under the influence of intoxicating liquor, he "cause(d) the death of

---

1.  41–6–44, Utah Code Ann. 1953, as amended.

2.  *State v. Hansen,* 206 N.W. 352, which reflected that "flight" might justify an inference of non-consumption thereafter.

3.  *Townsend v. State,* 127 Ga.App. 797, 195 S.E.2d 474; *.State v. Cannon,* 56 Haw. 161, 532

P.2d 391; *People v. Kelley,* 60 Mich.App. 162, 230 N.W.2d 357; *People v. Dever,* 26 Ill.App.3d 213, 324 N.E.2d 641.

1.  Utah Code Ann., 1953, Sec. 76–1–402, as amended.

another").[2] Sec. 76–1–402, ante, is inapplicable here because defendant's offenses are punished under the *same* provisions of the code, not different provisions which this section prohibits.

2. Utah Code Ann., 1953, Sec. 76–5–207, as amended.